## Ex parte, in the matter of Duncan N. Hennen.

The Chief Justice of the Supreme Court, residing in the fourth Circuit, who, under the act of Congress of 1802, ch. 31, holds the Court at the August term, has not power to grant a rule for a mandamus, or a rule to show cause why a mandamus shall not issue. Such a rule does not fall within the description of cases enumerated in the act of Congress, for the action of the Court, at the August term.

AT the August term, 1838, of the Court, Duncan N. Hennen filed a petition for a mandamus to the Honourable Philip K. Lawrence, judge of the District Court of the United States for the eastern district of Louisiana, requiring the said judge to restore Duncan N. Hennen to the office of clerk of the District Court.

Coxe, of counsel for the petitioner, filed and read the petition which was addressed to the Chief Justice and associate justices of the Supreme Court; setting forth that on the 21st day of February, 1834, the petitioner was appointed clerk of the District Court of the United States in and for the eastern district of Louisiana, by the Honourable Samuel H. Harper, judge of the District Court, and a commission was given to him appointing him to the said office.

The petitioner states that the appointment was accepted, and the same was recorded on the minutes of the District Court on the day of the appointment, and the oath of office, and a bond was given by the petitioner, with sureties, in conformity with the provisions of the statute in such case made and provided, for the faithful performance of the duties of the said office; all of which was also entered on the minutes of the Court.

The petitioner further states, that Duncan N. Hennen entered on the duties of the office of clerk of the District Court for the eastern district of Louisiana, and held the same, and continued to perform the duties thereunto appertaining "methodically, promptly, skilfully, and uprightly," to the satisfaction of the said District Court, and of the parties suitors in the said Court. That by virtue of the appointment, and of the provisions of the statute in such case made and provided, the petitioner was, also, from the period of the organization of the Circuit Court of the United States for the said district of Louisiana, in like manner, the clerk of the said Circuit Court, and performed all the duties appertaining to said office; and during the period aforesaid, the petitioner, in like manner, received the fees and emoluments of office belonging to the same.

The petitioner further states, that he so continued to perform the said duties, and to receive the said emoluments, and in all respects to hold and occupy said offices, until on or about the 18th day of May, in the year 1838, when he received a communication from the Honourable Philip K. Lawrence, then and now the judge of the said District Court of the United States for the eastern district of Louisiana, in the following terms:—

[Ex parte Duncan N. Hennen.]

"*New Orleans, May* 18*th*, 1838.

" DEAR SIR :—The object of this communication is to apprize you of your removal from the office of clerk of the United States District Court of the eastern district of Louisiana, and of the appointment of Mr. John Winthrop in your place.

" In taking this step, I desire to be understood as neither prompted by any unfriendly disposition towards you personally, nor wishing to cast the slightest shade of censure on your official conduct.

" On the contrary, whether it will afford you any gratification to be thus assured or not, I avail myself of the occasion to declare to you, that my most ardent wishes respecting you are for your entire success and prosperity in life. I consider it due to myself to have made this declaration ; and a sense of justice to you demands that I should do what lies in my power to repel any unfavourable inference that might be drawn from your dismissal from the office of clerk, in regard to the manner in which the duties of the office have been discharged by you. On this subject, the situation in which I have been placed during the last two years and upwards, has afforded me the means of speaking advisedly ; and I am happy in being able to testify, as I now do unreservedly, that the business of your office, during that period, has been conducted methodically, promptly, skilfully, and uprightly.

" In appointing Mr. Winthrop to succeed you, I have been purely actuated by a sense of duty and feelings of kindness towards one whom I have long known, and between whom and myself the closest friendship has always subsisted. I cannot but consider his claims to any benefit in my power to confer, as of a paramount character ; and as his capacity to fill the office in question cannot be disputed, I feel that I am not exercising any unjust preference in bestowing on him the appointment. I am, very respectfully, &c.

"P. K. LAWRENCE,
" United States Judge, District of Louisiana.

" To D. N. HENNEN, Esq."

The petitioner proceeded to state, that on the 18th day of May, 1838, Judge Lawrence executed and delivered to John Winthrop a paper purporting to be a commission appointing him clerk of the District Court of the United States for the eastern district of Louisiana ; and that Mr. Winthrop, under and by virtue of that commission, claims a right to hold the said office, and does, in fact, to a certain extent, exercise the duties appertaining thereto ; and he is by Judge Lawrence recognised as the only legal clerk of the District Court, and receives the fees and emoluments of said office. He has obtained possession of the records, minutes, and documents of the office, and he claims to exercise all the duties of clerk of the District Court ; and he and Judge Lawrence prevent the petitioner from performing any of the duties of clerk, or receiving the fees and emoluments belonging to the office.

The petitioner further stated, that on the 21st day of May, 1838,

the Circuit Court of the United States for the eastern district of Louisiana met, according to law, when the Honourable John M'Kinley, one of the associate justices of the Supreme Court of the United States, and the said Judge Lawrence, took their seats on the bench as judges of the Circuit Court; and the petitioner and John Winthrop severally presented themselves, each claiming to be rightfully and lawfully the clerk of the Circuit Court; and the matter was argued by counsel for each of the said claimants. The judges differed in opinion on the question of right; and being unable to concur in opinion, neither of the said parties was admitted to act as clerk, or recognised by the Court as being the rightful clerk; and no business was or could be transacted, and the Court adjourned.

The petitioner further represents, that he is advised, and verily believes, that he was legally and in due form appointed the clerk of the said District Court, and by virtue thereof became lawfully the clerk of the said Circuit Court; and he has never resigned the said office, or been legally removed from the same, and he is rightfully entitled to hold and exercise the same, and to receive the fees and emoluments to the same belonging; and that he is illegally kept out of the said office of clerk of the said District Court, and prevented from performing the duties thereof, and from receiving the fees and emoluments attached to the same, by the illegal acts and conduct of the said Philip K. Lawrence, judge as aforesaid, and of the said John Winthrop, claiming to hold the said office by some pretended, but, as the petitioner is advised and believes, illegal and void appointment or commission, from said Judge Lawrence.

The petitioner further states, that the judges of the said Circuit Court continue to differ in opinion as to the legal rights of the petitioner and said John Winthrop to said offices, so that no one does or can perform the duties of said office of clerk of the Circuit Court aforesaid; and that the suitors in this Court are thereby delayed, and the administration of justice therein wholly suspended, and the appellate jurisdiction of the Supreme Court of the United States over the judgments and decrees of said Circuit Court is wholly suspended, and incapable of being exercised.

All these evils are stated to be remediless in the ordinary proceedings before the District and Circuit Court, and can only be terminated by the interposition of this Court, by its extraordinary process of mandamus. The petitioner therefore prays, that a writ of mandamus may be awarded to be directed to the Honourable Philip K. Lawrence, judge of the said District Court of the United States for the eastern district of Louisiana, commanding him that he forthwith restore the petitioner to his office of clerk of said District Court of the United States for the eastern district of Louisiana; or for a rule on the district judge, to show cause why such a writ of mandamus shall not be awarded.

Mr. Chief Justice Taney, then holding the August term of the Supreme Court, ordered that a rule on Philip K. Lawrence, district judge as aforesaid, should be awarded, requiring him to show cause,

at the following January term of the Supreme Court, why a man-
damus should not be awarded to the district judge, as prayed for;
with leave to any party interested in the premises to move for a
discharge thereof on or before the return day, the second Saturday
of the term. Notice of this rule was required to be served on the
district judge, and on John Winthrop, Esq.

Before the return of the rule, Mr. Gilpin, of counsel for John
Winthrop, Esq., moved the Court to discharge the rule granted by
Mr. Chief Justice Taney, at the August term of the Court; on the
ground that the Court held at that time had not authority to make
such a rule. He stated the readiness of Mr. Winthrop to meet the
question raised by the proceedings; and proposed that there should
be substituted a rule, to be now granted by the Court, of the same
tenor with that made at the August term; and that the same should
be returnable on the second Saturday of this term.

This proposition was accepted by the counsel of the relator, and
approved by the Court.

Mr. Chief Justice TANEY delivered the following opinion, on the
motion of Mr. Gilpin:

At the August term of the Supreme Court, held by the Chief
Justice or Judge for the fourth circuit, according to the act of Con-
gress of 1802, a motion was made for a rule on the judge of the
District Court of the United States, for the eastern district of
Louisiana, to show cause why a mandamus should not issue, com-
manding the said judge to restore Duncan N. Hennen to the office
of clerk of the said District Court.

It appeared from the depositions and other evidence laid before
the Court at that term, that Duncan N. Hennen, the relator, who
had been for several years clerk of the District Court, had been
recently removed from office by the district judge, and John Win-
throp appointed in his place; and a letter from the judge to the
relator was produced, stating that the removal had not been made
on account of any misconduct on his part, but merely from the de-
sire of the judge to make provision for Winthrop, who was his
personal friend, and well qualified for the office. It also appeared,
that at the meeting of the Circuit Court, which took place shortly
afterwards, the presiding judge of the Circuit Court was of opinion
that the removal was not authorized by law, and that Hennen was
still the clerk of the District Court, and consequently, by virtue of
the acts of Congress, was also the clerk of the Circuit Court; that the
district judge, however, adhered to his opinion, that Winthorp was
lawfully appointed by him, and the Court being thus divided, nei-
ther of the claimants could be recognised as clerk; and that the
whole business of the Circuit Court was therefore continued over,
and that no process could now issue from the Court until this con-
troversy should be settled.

Upon this evidence, the rule to show cause was granted, return-

able to the Supreme Court, on Saturday, the 26th of January, with leave to the district judge to move to discharge the rule, even before the return day above mentioned.

A motion was now made to discharge the rule, upon the ground that the judge of the Fourth Circuit, sitting alone at the August term, had not the power to lay the rule. The Court stopped the counsel in support of the motion, and the Chief Justice said :—The Court do not desire an argument on the subject. When I granted the rule, I stated that I strongly inclined to the opinion that I had no power to lay such a rule, in any case, at the August Term; and it is due to the counsel for the relator to say, that he acknowledged his own doubts when he brought the subject before the Court. But as the question was an important one, and might again occur; I thought it proper that it should be settled by the judgment of the Court at its regular session, and not by a single judge. I therefore laid the rule, because it was the only mode in which I could bring the subject before the Court for decision. We have conferred together since we assembled for the present session, and we are unanimously of opinion that such a rule cannot be laid at the August term; that the act of 1802, ch. 31. (2 Story's Laws U. S. page 854,) gives the power to the judge of the Fourth Circuit, at that term, " to make all necessary orders touching any suit, action, appeal, writ of error, process, pleadings, or proceedings, returned to the said Court, or depending therein ;" but that a rule to show cause why a mandamus should not issue, does not fall within the description of cases enumerated in the act of Congress : and that the judge of the Fourth Circuit, when sitting at the August term, has not, therefore, the power to grant such a rule in any case.

The rule to show cause must therefore be discharged.