BERIAH MATHIS, RELATOR, v. SAMUEL B. ROSE, RESPONDENT.

Argued June 9, 1899—Decided November 13, 1899.

1. Under the provision of the charter of Atlantic City, authorizing the city council, when assembled from time to time, to elect and appoint a street supervisor, the city council had power to remove an incumbent and appoint his successor at their pleasure. An ordinance passed in 1893, making the term of such officer one year, cannot deprive the common council of the right to exercise the power expressly given by the charter of the city.

The case of *Bradshaw* v. *Camden,* 10 *Vroom* 416, distinguished.

On *quo warranto.*

Before MAGIE, CHIEF JUSTICE, and Justices VAN SYCKEL, GARRISON and LIPPINCOTT.

For the relator, *Clarence L. Cole.*

For the respondent, *Robert H. Ingersoll.*

The opinion of the court was delivered by

VAN SYCKEL, J. The proceedings taken in this case are for the purpose of determining which of the parties is entitled to the office of supervisor of highways of Atlantic City.

Mathis, the relator, was elected by the city council on the 15th of March, 1898, as street supervisor, and was again elected to the same position on the 21st day of March, 1899.

The information sets forth that afterwards, on the 10th day of April, 1899, the city council, without reconsidering its former action in electing Mathis, the relator, and without

giving any reason therefor, proceeded to elect Samuel B. Rose to said office.

To the information Rose pleaded that by the charter of Atlantic City it is provided that the city council shall appoint some fit person, at their annual meeting, to be clerk of said city, who shall hold his office for the term of one year and until his successor shall be appointed, and that the said city clerk so appointed shall be *ex officio* clerk of the city council ; and the said city council shall have power, when assembled from time to time, to elect and appoint such other and all other subordinate officers of said city as well as such as are named in said act; and that, by virtue of the power vested by the charter of said city, the city council, in April, 1893, passed the following ordinance :

" Be it ordained by the city council of Atlantic City that a supervisor of highways shall be elected by the city council at the first regular meeting in April, 1893, and every year thereafter, for the term of one year and until his successor is qualified. He shall receive an annual salary of one thousand dollars, payable quarterly."

The plea further sets forth that said Mathis, on the 11th day of April, 1898, was duly elected street supervisor for the ensuing year, and, without denying or traversing the allegation of the information that said Mathis was again elected street supervisor by said city council on the 21st day of March, 1899, the said plea alleges that said Rose was elected to the same office on the 10th day of April, 1899, and that thereupon he entered upon the duties of the office.

To this plea the relator filed a demurrer, and the question involved must therefore be determined upon the facts presented by the pleadings.

The allegation in the information that Mathis was again elected on the 21st of March, 1899, for one year, and that the city council, on the 10th day of the following April, elected Rose to the same office without having reconsidered its previous action in electing the relator and without giving any

reason therefor not being denied by the plea, must be regarded as admitted facts in the case.

The relator having demurred to the plea, the material allegations of the plea must also be admitted to be true.

The charter of Atlantic City (*Pamph. L.* 1866, *p.* 317) provides "that the said city shall appoint some fit person, at their annual meeting, to be clerk of said city, who shall hold his office for the term of one year and until his successor shall be appointed, and the said city clerk so appointed shall be *ex officio* clerk of the city council, and the said city council shall have power to assemble from time to time, to elect and appoint such other and all other ordained officers of said city as well as those not in the act named and whose appointment or election are not provided for as those who are named herein, and who may, in the opinion of the city council, be necessary for ordering and governing of the said city for the preservation of its health or convenience and safety and advantage of commerce and trade," &c.

In *Greene* v. *Freeholders of Hudson*, 15 *Vroom* 388, the board of freeholders, under the law of 1875, section 10, had power to appoint such officers as were required to do the business of the county and to fix their compensation and term of service.

Mr. Justice Reed, in delivering the opinion of the court, held that the tenure of any officer elected under this provision of the law was at the will of the board, and that he could be deposed from his office at any moment the board chooses to exercise its power.

In *Adams* v. *Haines*, 19 *Vroom* 25, in construing the thirty-first section of the Freeholders act (*Rev., p.* 132), which is substantially like the provision in the Atlantic City charter, Mr. Justice Knapp said that the board might appoint to such office when and whom they see fit, for such time as they see fit, and abolish the office or change the incumbent at their pleasure.

In the year 1893 the city council of Atlantic City passed an ordinance relating to the election of street supervisor, which provides that his term of office shall be one year, that

the election shall be at the first regular meeting of the council in April, 1893, and every year thereafter.

The relator claims that by force of this ordinance, under the authority of *Bradshaw* v. *Camden*, 10 *Vroom* 416, his case is taken out of the rule declared in the two cases before cited, and that he is entitled to his term for one year.

There is a seeming inconsistency between the Bradshaw case and the other cases, but a reference to the charter of Camden, under which Bradshaw held his office, will show that there is a material and controlling difference in the statute law relating to these several cases.

By the charter of the city of Camden the city council was given power to make and establish ordinances to establish, regulate and control a fire department, and to regulate and define the manner of the appointment and removal of the officers of the fire department. *Camden Charter, Pamph. L.* 1871, *p.* 224, § 30.

Under ordinances passed in pursuance of this provision of the city charter, Bradshaw held his office of chief engineer of the fire department.

This court, in the Bradshaw case, said that it being competent for the legislature to delegate to municipal corporations the power to pass ordinances of this character, such ordinances are as binding on the corporators as the general laws of the state upon the citizens at large.

It was therefore properly held that the rights of Bradshaw to the office must depend upon the ordinances which were the law of the city of Camden until repealed.

The distinction between the Bradshaw case and that of the relator in the case before us is obvious.

In the former case the appointment could be made only after the passage of an ordinance and in pursuance thereof.

In the latter case the statute expressly declares that the city council of Atlantic City shall have power to assemble from time to time to elect and appoint such officers as they deem necessary.

Under this provision of the charter no ordinance was neces-

sary to authorize the appointment of street supervisor; the charter itself furnished ample authority to appoint and remove at the pleasure of the council.

The ordinance of 1893, so far as it is inconsistent with the charter provision, is void; the city council of 1893 could not by an ordinance limit and restrain the city council of 1899 in respect to powers expressly granted by the legislature. *Trowbridge* v. *Newark*, 17 *Vroom* 140.

This reference to the charter of Camden harmonizes the cases, removes the case under judgment from the authority of the Bradshaw case, and classifies it with Greene *v.* Freeholders and Adams *v.* Haines.

We cannot agree with the contention of the relator that the city charter prescribes the term of office of the street supervisor.

The fact that the term of office of the city clerk is fixed by the charter, and that no term is prescribed for officers to be elected from time to time by the city council, is significant of the intention of the legislature to leave that subject entirely to the discretion of the city council.

The respondent is entitled to the office, and there should be judgment on the demurrer in his favor.