*36 Vroom.*                    Uffert v. Vogt.

EDWARD H. UFFERT, RELATOR, DEFENDANT IN ERROR,
v. ANDREW G. VOGT, PLAINTIFF IN ERROR.

Argued December 4, 1900—Decided March 4, 1901.

1. The act entitled "An act relating to the receiver of taxes and treasurers of cities in this state," approved March 31st, 1897 (*Pamph. L., p.* 142), is unconstitutional as a special law regulating the internal affairs of the cities affected.
2. A municipality cannot by ordinance fix a term for an office that has been placed by the legislature at the pleasure of the appointing power.

On error to the Supreme Court. The opinion of the Supreme Court is reported *ante p.* 377.

The revised charter of the city of Newark, approved March 11th, 1857 (*Pamph. L., p.* 116), provides, in its twenty-first section, that the common council shall from time to time appoint certain officers named and such others as they shall think necessary, and that "every person who shall be appointed to any office under the provisions of this act shall be a resident and elector of the said city, and shall continue in office until the office for which he shall have been appointed shall be declared vacant or until another person shall be appointed to succeed him and shall enter upon the duties of his office." A supplement, approved March 16th, 1859 (*Pamph. L., p.* 476), repeals a charter provision for the election of collectors of taxes for the city wards, and enacts that "the common council shall from time to time appoint a receiver of taxes

for the city, who shall possess the qualifications, continue in office for the term, and be appointed in the manner specified" in said twenty-first section and perform the duties theretofore imposed on the several ward collectors.

On May 21st, 1897, the common council of said city appointed Andrew G. Vogt as such receiver of taxes and he duly qualified and took possession of the office.

In January, 1899, the following was promulged as a city ordinance, viz.: "The receiver of taxes of the city of Newark now holding office, and every receiver of taxes of said city who shall be hereafter appointed, shall hold such office for the period of five years from the date of his or their appointment, respectively, by the common council."

On May 4th, 1900, said common council passed resolutions as follows:

"1. Moved that the position of receiver of taxes now held by Andrew G. Vogt be and the same is hereby declared vacant.

"2. Moved that Edward H. Uffert be and he hereby is appointed receiver of taxes at the annual salary of twenty-five hundred dollars, payable monthly."

Mr. Uffert duly qualified and demanded the office, but Mr. Vogt refused to surrender it, until after judgment against him upon his demurrer to an information in the nature of a *quo warranto* setting up above facts; which judgment he now brings to this court by writ of error.

For the plaintiff in error, *James E. Howell.*

For the defendant in error, *Thomas N. McCarter, Jr.*

The opinion of the court was delivered by

COLLINS, J. Support for the ordinance upon which the plaintiff in error relies is first sought in an act of the legislature entitled "An act relating to the office of receiver of taxes and treasurers in cities of this state," approved March 31st, 1897 (*Pamph. L., p.* 142), which provides as follows:

"In any city of this state where the office of receiver of taxes and treasurer are by law or charter held for an indefinite

term, it shall be lawful for the board of aldermen or common council to fix, by ordinance, a definite term, not exceeding five years, for such offices, and when so fixed, the appointees shall hold offices until the expiration of the term so fixed, except for cause and after a hearing given upon charges preferred."

This statute is plainly a regulation by special law of the internal affairs of the cities affected, and therefore is violative of paragraph 2 of section 7 of article IV. of the constitution. Nothing need be added to what was said in the Supreme Court on this subject.

Failing legislative sanction, the ordinance is exploited as a contract, but here it runs counter to the express provision of the city charter, that the term of the office in controversy is to be held at the pleasure of the common council. The matter is not one of contract, but one of law. The precise question involved has already been decided in *Mathis* v. *Rose,* 35 *Vroom* 45, affirmed *Ibid.* 726. The opinion of Mr. Justice Van Syckel, read for the Supreme Court in that case and adopted as the opinion of this court, is discriminating and exhaustive and cites all pertinent authorities. It points out the distinction in municipal ordinances between those passed under a delegation of legislative power, and those merely administrative. An example of the former type, as affecting tenure of office, will be found in the recent decision of *Bohan* v. *Weehawken, ante p.* 490. No elaboration of these cases is necessary.

The judgment of the Supreme Court will be affirmed.

*For affirmance*—THE CHANCELLOR, DIXON, COLLINS, GARRETSON, BOGERT, KRUEGER, HENDRICKSON, ADAMS, VREDENBURGH, VOORHEES.   10.

*For reversal*—None.