**Harold M. BROOKS, Jr., Petitioner,**

v.

**DISTRICT OF COLUMBIA BOARD OF APPEALS AND REVIEW, Respondent.**

No. 7347.

District of Columbia Court of Appeals.

Argued Feb. 19, 1974.

Decided April 5, 1974.

William A. Burleson, Washington, D. C., for petitioner.

Earl A. Gershenow, Asst. Corp. Counsel, Washington, D. C., with whom C. Francis Murphy, Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., were on the brief, for respondent.

Before REILLY, Chief Judge, FICKLING and PAIR, Associate Judges.

PER CURIAM:

This matter came on for hearing on the record from the Board of Appeals and Review (BAR) and was briefed and argued by counsel.[1] Petitioner seeks review of a decision of the BAR sustaining the determination of the Police and Firemen's Retirement and Relief Board (Board) that he was not disabled for the performance of duty as a police officer. Petitioner's principal contentions are that:

(1) the conclusions of the Board are contrary to the evidence, and

(2) he was denied due process of law.[2]

---

1. Petitioner lodged a reply brief with the court which we dispose of today by separate order.

2. Petitioner raises other contentions but we find it unnecessary to discuss them. *See* D.C.

The record discloses that petitioner, claiming that he was disabled for further performance of duty as a police officer by reason of an injury sustained in the line of duty (D.C.Code 1973, § 4–527), was presented to the Board for retirement. The Board thereupon conducted a hearing at which there were presented medical reports and extensive medical testimony respecting petitioner's claimed disability. Sometime after the close of the hearing, the Board made extensive findings of fact from which it concluded that:

1. Officer Harold M. Brooks was not as of May 18, 1972, or as of any other date, disabled for useful and efficient service in the position last occupied by him as a member of the Metropolitan Police Department.

2. There being no disability in the first instance, the Board, having heard the presentation of the case of Officer Brooks at his request, unanimously rejects that he is medically disabled, either physically or mentally, from further performance of duty as an officer with the Metropolitan Police Department.

Petitioner then appealed to the BAR which, after consideration of the record made at the hearing before the Board, adopted *in toto* its findings of fact and conclusions of law and sustained the decision. This petition for review followed.

■ The findings of the Board were based largely on the medical reports of eight physicians who had been involved in petitioner's medical history. The unanimous medical opinion was reflected in the Board's findings and conclusions, *viz.*, that petitioner was not disabled for the performance of duty as a police officer. After careful and thorough review of the record and consideration of the briefs and oral presentations, we are of the opinion

that the decision of the BAR is supported by substantial evidence in the record. D. C.Code 1973, §§ 1–1509 and 17–305.

■ Petitioner urges that he was denied due process of law in that he was not permitted to cross-examine witnesses at the hearing before the Board. The record discloses, however, that counsel for petitioner was permitted to cross-examine Dr. Short who read into the record the medical reports. Counsel acknowledged that petitioner's file had been made available for examination, yet the record does not disclose that petitioner requested the Board to produce the physicians or that he made any attempt by subpoena or otherwise to obtain their presence at the hearing. Moreover, petitioner did not object to the introduction of the medical reports. We cannot say, therefore, that petitioner's due process rights were violated. *See* Williams v. Zuckert, 372 U.S. 765, 83 S.Ct. 1102, 10 L. Ed. 136 (1963) (per curiam). *See also* Goldwasser v. Brown, 135 U.S.App.D.C. 222, 417 F.2d 1169 (1969), cert. denied, 397 U.S. 922, 90 S.Ct. 918, 25 L.Ed.2d 103 (1970).

■ Petitioner's final claim of error is that Dr. Short, who was not one of the examining physicians, was permitted to remain in the room during the Board's deliberations. What appears from the record is that Dr. Short was designated by the Board to read into the record the medical reports and, to this end, was present throughout the hearing. There is nothing in the record, however, which indicates that Dr. Short was present during the Board's deliberations. Certainly the presence, during the Board's deliberations, of a physician who had been involved in petitioner's medical history would have given rise to serious implications of impropriety —sufficient perhaps to vitiate the entire proceedings.

Code 1973, §§ 4–525a, 4–533, 4–535, and Title 1, D.C.Code, Appendix at 199 (C.O. No. 68–531, Org. Ord. No. 112), delegating to the

BAR the Commissioners' authority to review actions of the Board.

It appearing that the decision of the BAR is supported by substantial evidence in the administrative record and there appearing no error of law such as would require reversal, the decision of the BAR is

Affirmed.