## TRACY ET AL v. ROBERTS ET AL.

1. **Appeal to Supreme Court:** IMPROPER PARTIES APPELLANT. Where a judgment was rendered against the estate of an administrator, he being at the time dead, and an appeal to the supreme Court was taken from such judgment in the name of the administrator and his bondsmen, *held* that the appeal must be dismissed for want of proper parties appellant:—the administrator being dead, the cause could not proceed in his name, and there being no judgment against the bondsmen, they could not prosecute the appeal.

*Appeal from Guthrie Circuit Court.*

FRIDAY, OCTOBER 20.

THE facts are stated in the opinion.

*Charles S. Fogg*, for appellant.

*Charles Harden* and *E. W. Weeks*, for appellees.

SEEVERS, CH. J.—William Tracy was appointed administrator of the estate of B. F. Cox. From time to time the said Tracy made reports to the court of his doings as administrator, and, as we understand, in 1876 he made what he designated his final report and asked to be discharged. This report was referred by the court to a referee, who, in April

1876, found and reported to the court that said Tracy was indebted as administrator to the estate in the sum of $390.31. This report was confirmed by the court and no exceptions were taken thereto or to the action of the court. In 1878, the defendant filed a motion asking that a judgment be rendered against said Tracy, and appellants Hobsman and Mortz, who were sureties on his bond as administrator, for the amount found due by the referee. This motion was sustained, and judgment accordingly rendered. Execution was issued on this judgment, and certain real estate belonging to Tracy was sold for the amount of the judgment and costs, and a certificate of sale given the purchaser.

In April, 1879, Tracy, Hobsman and Mortz, filed what is styled a petition in equity and answer to the motion aforesaid. The relief asked was that the judgment be set aside, the sale of the real estate be declared void, and the appellants be allowed to introduce evidence showing that no judgment should be rendered against them. An injunction was also asked and granted. The defendants appeared and answered the pleadsngs filed by appellants. The cause came on for a hearing, and the court ordered that the judgment be set aside and vacated, and the cause was set down for further hearing. No exceptions were taken to this action of the court. Amendments to the pleadings were filed by the appellants, and the defendants filed a reply in which they asked "that the proceedings heretofore had by this court be not disturbed, and such other and further relief as the court shall deem equitable. Thereupon the cause came on for hearing before the court, and evidence was introduced by both parties. The court found there was a certain amount due from Tracy as administrator, and judgment was rendered against his estate, but no judgment was rendered against the appellants, Hobsman and Mortz.

The judgment recites that Tracy was dead at the time it was rendered, but there is nothing tending to show when he died, or that his administrator, if one was appointed, was made a party to this proceeding. The record shows that

Tracy, Hobsman and Mortz appealed. Such is the singular record before the court, and the case has been argued on what counsel seem to regard its merits. We are at some loss to know what disposition must be made of it. It is clear to our minds that the question argued by counsel cannot be considered and determined, because the proper parties are not before us. It is clear, we think, the Circuit Court had the power and jurisdiction to make the reference, and that the report of the referee when confirmed by the court, in the absence of any exceptions thereto or appeal, is conclusive as to the fact that Tracy was indebted to the estate. Whether judgment was properly rendered on the motion is immaterial, because it has been set aside and no right can be claimed thereunder. The last judgment is not against Hobsman and Mortz, and, therefore, there is nothing from which they can appeal. Whether the judgment against Tracy or his estate is void because the administrator of his estate was not made a party, we have no occasion to determine, as it is clear, Tracy being dead cannot appeal, nor can the right of his estate be adjudicated in this proceedings. The appeal will be

DISMISSED.