## McCormick Harvesting Mach. Co. v. Snedigar.

1. An appeal by and in the name of an administrator, taken after he has been fully discharged as such administrator and a new administrator has been appointed and qualified, gives the appellate court no jurisdiction over the estate, or of a cause of action against the estate, and will be dismissed.

2. The appeal cannot, on the strength of such facts, be entertained in this court, and continued under section 4881, Comp. Laws, providing that, in case of the transfer of interest, the action may be continued in the name of the original party, for, the case never having gotten into this court by such appeal, it cannot be continued here.

(Syllabus by the Court. Opinion filed Oct. 4, 1892.)

Appeal from circuit court, Kingsbury county. Hon. J. O. Andrews, Judge.

Motion to dismiss appeal. Allowed.

*Melville & Langley,* for appellant.

*J. E. Diamond, J. F. Watson* and *S. B. Van Buskirk,* for respondent.

Kellam, J. On the 30th day of November, 1889, in the circuit court in and for Kingsbury county, judgment was rendered in this action against defendant Snedigar and defendant Whitney, as the administrator of the estate of Tuttle, deceased, upon a note made by said Snedigar and said Tuttle, deceased. On the 3d day of December, 1891, Whitney, as such administrator, caused

to be served on the plaintiff and respondent a notice of appeal to this court from said judgment and from an order refusing a new trial, and caused to be served and filed the usual undertaking. Respondent moves to dismiss the appeal, for the reason that, long before said appeal was so attempted to be taken, the said Whitney had been fully discharged as such administrator, and he and his sureties released from liability on that account. It is admitted that, after the rendition of the judgment, and on the 15th day of May, 1890, the said Whitney was, upon full report and accounting, formally discharged as such administrator by the probate court of the proper county, and his successor as such administrator appointed, who thereupon duly qualified. This appeal was taken by said Whitney as administrator, or in his name, more than a year and a half after he had been so discharged.

The motion to dismiss must be allowed. In Dalbkermeyer v. Scholtes, (S. D.) 52 N. W. Rep. 261, we dismissed an appeal upon a showing that the appeal was taken and prosecuted without authority from the appellant. In this case the real party in interest —the real appellant—may be the estate of the deceased Tuttle, but the party who actually brings and prosecutes the appeal is shown to have no authority to represent such estate. Suppose we retain this case, and, upon hearing, render judgment against the appellant; who is bound? Not the estate of Tuttle, for we know, and it is admitted, that Whitney, the nominal appellant who brought the appeal, has no authority to appear for the estate, and that we get no jurisdiction over it. Not Whitney himself, for his notice informs us at the outset that he appeals only in a representative capacity. As administrator, Whitney was dead when, and long before, the appeal was taken. An appeal taken in the name of a dead person gives the appellate court no jurisdiction. Taylor v. Elliott, 52 Ind. 588; Branham v. Johnson, 62 Ind. 259; Sanchez v. Roach, 5 Cal. 248; Judson v. Love, 35 Cal. 463; Coffin v. Eddington, (Idaho,) 23 Pac. Rep. 80; Tracy v. Roberts, 59 Iowa, 624.

It is claimed and argued by appellant's counsel that the discharge of Whitney as administrator, and the appointment of his successor, operated as a transfer of the cause of action from the old to the new administrator, but that, under section 4881, Comp.

Laws, the action might continue in the name of the old administrator. Whether or not this case would be within the scope of such provision, if it were still in a court which had already acquired jurisdiction of the cause of action and the parties, is not necessary to discuss here. This court has no jurisdiction of this case, except what it gets from Whitney's appeal. It is conceded that, when he assumed to bring such appeal, he had no authority to do so as administrator, but was an absolute stranger to the estate, and was not aggrieved by the judgment. When this action was commenced in the lower court Whitney was administrator, and his appearance in that court gave it jurisdiction of the estate and of the cause of action, and there might be reason in claiming that a change in administrators did not abate the action; but this court does not inherit the jurisdiction of the lower court, nor does any case naturally grow from one court into the other, but it is transferred—brought here bodily and at once—by the positive act of some party aggrieved. If the case is not brought here by some person authorized to bring it, it is not here. It is not a question in this court of continuing a jurisdiction already acquired, but of getting jurisdiction in the first place. The facts are these: The party in whose name the appeal is taken, and who ostensibly takes it, has confessedly no interest in the subject matter. The only party interested, the present administrator of the estate of Tuttle, deceased, has, so far as it is made to appear, taken no appeal, and is not before us. Under analogous facts in Walter v. Bank, 56 Md. 138, an appeal was dismissed, and this must be. We do this reluctantly, for the amount involved is sufficient to make it important to both parties, and the time within which an appeal may be taken has expired. It is not impossible —but this thought we neither encourage no discourage—that a showing might be made which would justify a change in the title of this case and its retention in this court, but there is nothing here now to indicate that this was intended to be an appeal by the estate, or that its present representative desires to appeal. It is true that appellant's counsel asks to have the present administratrix substituted as appellant, rather than that the appeal should be dismissed; but he does not profess to appear for the estate, or

the present administratrix, but makes such suggestion in the name, and as the attorney, of the nominal appellant, who can have no interest in the matter. The appeal is dismissed, with costs. The remittitur, however, will be held in this court 40 days, to give parties interested an opportunity to take other proceedings to save their rights, if they shall be advised that any are available. All the judges concur.