WHITTEMORE *v.* BAXTER LAUNDRY CO.

1. NUISANCE—GASOLINE—EXPLOSIVES—INJUNCTION.

It is a nuisance which equity will require to be abated to sink or build in the ground steel tanks of a capacity of 10,000 gallons for the storage of gasoline, in a residence district and about 11 feet from complainant's house, on property belonging to a laundry and dry-cleaning plant of the defendant.[1]

2. SAME.

Any unwarrantable, unreasonable or unlawful use of property, real or personal, such as operates to injure adjoining premises, is a nuisance which will render the owner or possessor liable for damages arising therefrom.

3. EVIDENCE—PROOF—JUDICIAL NOTICE.

The court will take judicial notice of the fact that gasoline is a dangerous explosive.

Appeal from Kent; Brown, J. Submitted April 13, 1914. (Docket No. 29.) Decided July 24, 1914.

Bill by Arthur W. Whittemore, *et al.*, against the Baxter Laundry Company for the abatement of a nuisance. From a decree for complainants, defendant appeals. Affirmed.

*Corwin & Souter,* for complainants.

*Wilson & Johnson,* for defendant.

KUHN, J. The defendant is the owner of a laundry and dry-cleaning establishment in the city of Grand Rapids, occupying the easterly portion of a block bounded on the north by Hawthorne street, on the east by Eastern avenue, on the south by Fountain street, and on the west by Grand avenue. The complainants are the owners of property, and reside, in the westerly

---

[1] On the question of storage of explosives as a nuisance, see note in 16 L. R. A. (N. S.) 691.

portion of the block. With the exception of defendant's plant, the location is strictly a residence district, and the complainant Arthur W. Whittemore owns and occupies a house and lot immediately adjoining defendant's premises on the west, and the defendant's property is practically surrounded by residences costing from $3,500 to $4,500 each. In its business of dry cleaning the defendant uses about 15,000 gallons of gasoline annually, and, just previous to the filing of the bill in this case, the defendant had placed in its yards two large steel tanks of the capacity of 10,000 gallons each, and had commenced excavating preparatory to burying them in the northwest corner of its premises, which was the farthest possible point on its premises from its own buildings and immediately adjoining the property of the complainant Whittemore, the nearest tank being about 11 feet from his house. The bill of complaint filed asked for a temporary injunction restraining defendant from storing gasoline in the tanks, for the reason that such storage, under the circumstances of this case, would be a private nuisance, and also that it would be in violation of certain ordinances of the city of Grand Rapids. When the bill was filed an injunction was issued restraining the defendant from storing gasoline in the tanks, which was made permanent when the case was heard on its merits.

In *Heeg* v. *Licht*, 80 N. Y. 579, 582 (36 Am. Rep. 654), the court, speaking of private nuisances, said:

"A private nuisance is defined to be anything done to the hurt or annoyance of the lands, tenements, or hereditaments of another. 3 Bl. Com. 216. Any unwarrantable, unreasonable, or unlawful use by a person of his own property, real or personal, to the injury of another, comes within the definition stated, and renders the owner or possessor liable for all damages arising from such use. Wood's Law of Nuis. § 1, and authorities cited. The cases which are regarded as private nuisances are numerous, and the

books are full of decisions holding the parties answerable for the injuries which result from their being maintained. The rule is of universal application that, while a man may prosecute such business as he chooses on his own premises, he has no right to erect and maintain a nuisance to the injury of an adjoining proprietor or of his neighbors, even in the pursuit of a lawful trade. *Aldred's Case,* 9 Coke, 58; *Brady* v. *Weeks,* 3 Barb. [N. Y.] 159; *Dubois* v. *Budlong,* 15 Abb. Prac. [N. Y.] 445; *Wier's Appeal,* 74 Pa. 230."

We may grant that the storage of gasoline on premises adjacent to or adjoining the premises of another is not a private nuisance *per se.* It might, however, become such, considering the locality, the quantity, and the surrounding circumstances, and would not necessarily depend upon the degree of care used in its storage. *Heeg* v. *Licht, supra;* 29 Cyc. p. 1177. We may also concede that in the instant case every precaution that human ingenuity has conceived has been made use of in the construction of the tanks as testified to by defendant's experts. Considering, however, the dangerous character of the substance and its power as an explosive, of which in this age of its wonderful development as a power to propel automobiles, traction engines, and airships, we can well take judicial notice, and also considering human fallibility, that accidents in the operation of the most perfect mechanism will occur, and all that it needs to change what is, when properly protected, a harmless agency to a most dangerous explosive is a careless person, can it be said that to have 20,000 gallons of such an agency stored within but a few feet of one's dwelling house is not sufficient to be an unreasonable interference with the comfortable enjoyment of that home? This is a purely residence district of the city, and was such before the defendant began operating its dry-cleaning business, and it must be apparent to any fair-minded person that the location of these tanks in such immediate proximity to complainant Whitte-

more's house would necessarily damage his property. It also appears that tanks for storage purposes could have been placed on the Fountain street side of defendant's property, which would have removed them from proximity to any residence. The reason for not doing this is thus stated in defendant's brief:

"Complainants called attention to the fact that there was room enough to place them on the Fountain street side of the property. A good and sufficient reason for not placing them there is that this ground is devoted to lawn and shrubbery, upon which the company has spent considerable money, and for which it took the prize in the contest for the best-appearing manufacturing grounds."

If defendant was desirous of installing tanks to more economically conduct its business, it would seem to have been more reasonable to have disturbed and damaged its own lawn and shrubbery, however beautiful, rather than to disturb its neighbor in the enjoyment of his home and to damage his property.

Considering all the surrounding circumstances in this case, we are satisfied that the chancellor who heard the case reached a proper and equitable conclusion in determining that the storage of gasoline in the tanks was a private nuisance. In view of this conclusion, it will be unnecessary to review the ordinances of the city of Grand Rapids and determine whether the construction of these tanks and the storage of gasoline therein in the manner alleged in the bill of complaint is in violation thereof.

The decree of the court below is affirmed.

McAlvay, C. J., and Stone, Ostrander, Bird, Moore, and Steere, JJ., concurred. Brooke, J., did not sit.