[Civ. No. 7954. Second Appellate District, Division One.—May 17, 1932.]

In the Matter of the Estate of MARY HARRIS, Deceased. MINNIE A. GORHAM, as Administratrix, etc., Appellant, v. EUGENE E. TINCHER, as Executor, etc., Respondent.

Benjamin W. Shipman, Henry O. Wackerbarth and Wheeler & Wackerbarth for Appellant.

Eugene E. Tincher for Respondent.

TAPPAAN, J., *pro tem.*—A petition was filed by respondent, praying that the will of Mary Harris, deceased, be admitted to probate. Bird W. Gorham, the adopted son of decedent, then filed a contest of said will, but when the contest was called for trial the contest was dismissed and the will was admitted to probate.

During the administration of the estate, which continued for some six years, Bird W. Gorham died, and Minnie A. Gorham was appointed administratrix of his estate. Minnie

A. Gorham died on March 16, 1928, never having qualified as the administratrix of the estate of Bird W. Gorham. At the hearing had upon the first and final account, report and petition for distribution of the estate of Mary Harris, held November 7, 1929, one of the attorneys, who had been representing Minnie A. Gorham, appeared before the court and objected thereto on her behalf. It appears that said attorney at that time had no knowledge of her death. Thereafter, on November 12, 1929, the court made and entered an order in said estate distributing said estate as follows: An undivided two-thirds thereof to Bird W. Gorham, and an undivided one-third to the First Christian Church of Long Beach, California. Thereafter, on December 9, 1929, the same attorney filed a notice of appeal from said decree of distribution on behalf of said Minnie A. Gorham, as administratrix of the estate of Bird W. Gorham, deceased. On January 25, 1932, one Maud Avila was appointed the administratrix of the estate of Bird W. Gorham, deceased, and duly qualified as such. On February 29, 1932, a stipulation was filed with this court signed by the attorneys for the appellant of record, attorney for respondent, and Maud Avila, administratrix of the estate of Bird W. Gorham, deceased, undertaking to waive any question as to the validity of the appeal, and requesting a decision on the merits.

The fact is admitted that at the time the hearing was had, and when the decree was made and entered, as well as when the purported notice of appeal was filed, there was no such person in being as the administratrix of the estate of Bird W. Gorham. Under our system "any party aggrieved may appeal". (Code Civ. Proc., sec. 938.) Here the purported appellant never existed. There was no such person who could be aggrieved. For this reason, the nonexistence of an appellant, sections 941 and 984 of the Code of Civil Procedure, saving the right of appeal to the attorney in case of the death of his client, have no application. This court is without jurisdiction to act, there admittedly being no valid appeal present here.

The appeals are dismissed.

Conrey, P. J., and Houser, J., concurred.