POWERS, et al, Appellants, v. STANDARD OIL COMPANY, Respondent.

(251 N. W. 187.)

(File No. 7537. Opinion filed December 5, 1933.)

34

*Dan McCutchen,* of Belle Fourche, and *L. E. Waggoner,* of Sioux Falls, for Appellants.

· *O'Keeffe & Stephens,* of Pierre, for Respondent.

RUDOLPH, P. J.   One A. G. Powers was the owner of a certain building, which was insured against loss by fire with the plaintiff companies.   The building was destroyed by fire, and the plaintiff insurance companies paid the amount of the loss covered by the policies to the owner, Powers.   The insurance companies and Powers, all contending that the loss suffered by fire was due to the negligence of the defendant, brought this action against the defendant to recover the loss sustained by fire.   Issue was joined, and the action was tried to a jury.   The jury returned a verdict for the defendant.   Thereafter, and prior to the taking of this appeal, A. G. Powers, who is named as a plaintiff in the action, died.   The matter is now before us on a motion to dismiss the appeal.

The respondent first contends that the appeal should be dismissed as to the appellant A. G. Powers for the reason that the death of Powers, subsequent to the judgment and prior to the ap-

peal, abates the action. The position of respondent is that the cause of action, so far as Powers is concerned, does not survive his death. However, we do not deem it necessary to pass upon this contention of respondent at this time. It stands admitted in this proceeding that A. G. Powers died after the entry of judgment and prior to the taking of the appeal, and that there has never been a substitution of a party plaintiff for A. G. Powers. In other words, the appeal in this case, so far as A. G. Powers is concerned, has been taken and conducted in the name of a dead man. We are satisfied that this appeal taken and conducted in this manner gives this court no jurisdiction so far as A. G. Powers or the estate of A. G. Powers is concerned. An appeal taken in the name of a dead person gives the appellate court no jurisdiction. McCormick Harvesting Mach. Co. v. Snedigar, 3 S. D. 302, 53 N. W. 83; Id., 3 S. D. 625, 54 N. W. 814. The appeal, therefore, will be dismissed so far as it purports to be an appeal by A. G. Powers.

Secondly, the respondent contends that the appeal from the order denying motion for a new trial should be dismissed for the alleged reason that the trial court had no jurisdiction to settle the record in this case, because of the failure of appellants to serve upon respondents the specifications of error and transcript within the statutory time. Respondent contends that the transcript was delivered by the reporter to the attorney for the appellant on September 10, 1933. Attorney for appellant contends that the transcript was not furnished him by the reporter until October 6, 1933. There is no statement or affidavit submitted by the court reporter as to when the transcript was actually delivered to the attorney for appellant. There is an affidavit by the clerk of courts that the transcript was left in that office by the reporter on September 10th, but, under the record as here made, we are not inclined to hold that the transcript was delivered by the stenographer to the person ordering the same, as required by rule 33A, Rules for Trial Courts of Record, and section 2546, Rev. Code 1919, at a time different from that shown by the affidavit of the attorney who had ordered it. If it had been delivered to this attorney on September 10, 1932, as claimed by respondent, it should have been an easy matter to have obtained an affidavit of the court reporter to that effect. If in fact the transcript was not received by attorney for appellant until October 6th, it is admitted that the transcript and

specifications of error were served within the statutory time. It follows that the motion to dismiss the appeal from the order denying the motion for a new trial will be denied.

There was submitted at the same time as the motion to dismiss the appeal a motion by appellant, wherein the administrators of the estate of A. G. Powers, deceased, sought to be substituted as plaintiffs in lieu of A. G. Powers. We are of the opinion that the court has no jurisdiction to make any such substitution. We have herein previously held that, so far as A. G. Powers is concerned, there is nothing before this court. In other words, the attempted appeal on behalf of A. G. Powers has accomplished nothing. A. G. Powers never having been in any way before this court, so far as this action is concerned, we know of no method of procedure whereby we could bring in an entirely new party to the action as it now stands. There is no action here pending so far as A. G. Powers is concerned. If the administrators wish to be substituted as parties in place of A. G. Powers, deceased, we are of the opinion that the procedure to effect such purpose must be had in the court below. See section 2317, Rev. Code 1919.

All the Judges concur.