RUDEN, Superintendent of Banks, Appellant, v. CITIZENS NATIONAL BANK AND TRUST COMPANY, Respondent,

(256 N. W. 183.)

(File No. 7731. Opinion filed August 24, 1934.)

*Dunham & Dunham* and *S. H. Clark,* all of Clark, and *S. W. Clark,* of Redfield, for Appellant.

*Hanten, Hanten & Henrikson, Perry F. Loucks,* and *Alan L. Austin,* all of Watertown, for Respondent.

RUDOLPH, J., This case is before the court at this time on a motion by respondent to dismiss the appeal. The plaintiff is named as follows: "E. A. Ruden, Superintendent of Banks of the State of South Dakota, in charge of the Ware & Griffin Bank of Clark, South Dakota, a corporation, now insolvent, for the purpose of liquidation." Judgment was entered against the plaintiff by the trial court on the 7th day of July, 1933, and the appeal was taken by the plaintiff to this court on July 5, 1934. E. A. Ruden resigned as superintendent of banks in January, 1933, and thereafter D. A. McCullough was appointed to that office. In September, 1933, McCullough died, and on September 23, 1933, F. R. Strain was appointed to the office of superintendent of banks, and is now the duly appointed, qualified, and acting superintendent of banks of the state of South Dakota. It is the contention of the respondent that, since E. A. Ruden was not superintendent of banks at the time the appeal was taken to this court in the name of E. A. Ruden as superintendent of banks, this court has not acquired jurisdiction by such purported appeal, and that the appeal should therefore be dismissed.

■■ Respondent relies principally upon the case of McCormick Harvesting Machine Co. v. Snedigar, 3 S. D. 302, 53 N. W. 83, wherein it was held that an appeal, taken in the name of an administrator after he had been discharged as such administrator and a new administrator had been appointed and qualified gave this court no jurisdiction over the estate or the cause of action against the estate. However, we do not believe that case to be controlling in view of the fact situation now before us. This court held in the case of First National Bank v. Hirning, 48 S. D. 417, 204 N. W. 901, that an action in mandamus brought against the depositors' guaranty fund commission was not an action against the individuals holding the office personally, except as a means to work out the redress to which the plaintiff claimed it was entitled, and held that the office there involved was a continuing one, and that the obligation to the plaintiff was one continuing against the office. In accord with the reasoning in the case last above cited, we are of the opinion that the office of superintendent of banks is a continuing one, and that it is the office, as distinguished from the individual, that is seeking the relief the plaintiff here asks. It is generally held that in legal contemplation a public office is an entity and may exist in

fact, although it be without an incumbent. People ex rel Madden v. Stratton, 28 Cal. 382; Heard v. Elliott, 116 Tenn. 150, 92 S. W. 764; Childs v. State, 4 Okl. Cr. 474, 113 P. 545, 33 L. R. A. (N. S.) 563; Attorney General v. Jochim, 99 Mich. 358, 58 N. W. 611, 23 L. R. A. 699, 41 Am. St. Rep. 606; Felger v. Caldwell (Ind. Sup.) 121 N. E. 538; Wardlaw v. New York, 61 N. Y. Super Ct. 174, 19 N. Y. S. 6. Thus in this case it is the entity, the office created by law, which is a continuous office, which acts in a representative capacity in bringing this action. While in the case of an administrator, such as was involved in the Snedigar Case, it is the person appointed by the court who acts in a representative capacity. The distinction becomes apparent from the statement. A clear pronouncement is to be found in the case of Advisory Board v. State, 170 Ind. 439, 85 N. E. 18, 20, wherein the court said: "The township advisory board is a continuing office. As a legal entity it never ceases or changes, except by legislative enactment. It was the advisory board of Harrison township in Miama county, and not the individuals representing it, that requested the court to change the venue of the cause from the Miami to the Howard circuit court, and while pending in the latter court, when Stitt, Rose and Graham went out, and Stineman, Gearhart, and Graff went into office as members and representatives of the board, it remained the same board, still subject to the jurisdiction it had invited. The new members assumed the office impressed with all the legal duties and obligations that rested upon the advisory board as a board, and were bound to know and to abide by what the act itself had induced."

The case of Powers v. Standard Oil Co., 62 S. D. 33, 251 N. W. 187, involved an individual as party plaintiff, who died after entry of judgment and prior to taking of the appeal, and is not applicable to the facts here involved.

In view of the above, we are of the opinion that it was not necessary to substitute the name of F. R. Strain for that of E. A. Ruden prior to the taking of the appeal in order to give this court jurisdiction, and it follows that the motion to dismiss the appeal will be, and is, denied.

ROBERTS, P. J., and WARREN, J., Concur.

POLLEY and CAMPBELL, JJ., absent and not sitting.