NIAGARA FALLS INSURANCE CO. OF NEW YORK, et al, Appellants, v. STANDARD OIL COMPANY, a Corporation, Respondent.

(257 N. W. 55.)

(File No. 7537. Opinion filed November 8, 1934.)

*Dan McCutchen,* of Belle Fourche, and *L. E. Waggoner,* of Sioux Falls, for Appellants.

*O'Keeffe & Stephens,* of Pierre, for Respondent.

RUDOLPH, J. This case has been before this court on two prior occasions. See Powers et al v. Standard Oil Co., 62 S. D. 33, 251 N. W. 187; Standard Oil Co. v. McNenny, 62 S. D. 277, 252 N. W. 841. The result of the two prior decisions was the dismissal of the appeal in so far as A. G. Powers was concerned and the refusal to allow the administrators of the estate of A. G. Powers, deceased, to continue the said appeal in this court. The case is now here on the appeal of the plaintiff insurance companies, and is before us on its merits. The facts are substantially as follows: Powers owned a garage building in Belle Fourche which was insured against fire by the plaintiff insurance companies; a fire occurred, and the insurance companies paid the amount of coverage represented by their different policies, and brought this action to recover the amount so paid, claiming that the losses suffered by the fire was due to the negligence of the defendant Standard Oil Company. In the basement of the Powers garage and under the sidewalk there were located large tanks in which gasoline was kept and from which gasoline was drawn and retailed through pumps located in front of the garage. A flood occurred in the city of Belle Fourche, and water entered the basement of the Powers garage and caused the gasoline tanks to get out of place with resultant leaks in the pipes and equipment. The flood occurred on a Sunday. On the following Thursday an agent of the defendant company named Jeremiasen delivered gasoline to the Powers garage and, without observing or knowing the condition of the equipment in the basement, attached his hose from the tank wagon to the intake in the sidewalk and, the appellants contend, immediately started the gasoline running into the intake. Evidence introduced by appellants was to the effect that at the time this happened the intake was out of position, being raised several inches above the sidewalk. This fact, however, was denied by Jeremiasen. After attaching the hose to the intake, Jeremiasen left the tank wagon and went to the post office. He testified that he did not start the gasoline running until after he returned from the post office. A gas furnace was burning in the basement of the garage.

This furnace had been started to help dry out the basement and the building following the flood. An employee of Powers, noticing that gasoline was being delivered, took a flash-light and went down into the basement, and discovered that the gasoline was running out of the intake pipe and onto the basement floor from the tank room. This employee had no more than left the basement when an explosion occurred, and the fire followed which destroyed the building. It is undisputed that it was a custom of long standing that the defendant company would deliver gasoline to the Powers garage without Powers having ordered it, and whenever it would appear that Powers was in need of gasoline. This custom was testified to by Powers. Powers knew that the tanks had been forced out of position by the water coming into the basement, and from the time the water had receded from the basement until the time of the fire he had been supervising and helping with the work of cleaning up the garage and the basement from the effect of the flood. Powers testified that he had not ordered any gasoline and did not see any one come to deliver gasoline. Jeremiasen, the agent who delivered the gasoline, testified that, when he backed his truck up to the curb in front of the intake in the sidewalk, Powers was standing immediately inside of the garage in front of a plate glass window and facing the truck, and that Powers asked him if he thought the tanks had settled, and he replied: "Everything looks O. K." The trial judge submitted the case to a jury, which returned a verdict in favor of the defendant, and this is an appeal from the judgment and order denying a motion for a new trial.

The court instructed the jury as follows: "The nature of petroleum products of all kinds including that of gasoline is a matter of common knowledge well known to be dangerous when allowed to come in contact with fire; if you believe from the evidence in the case that Plaintiff Powers knew, or by the use of ordinary care should have known, that the pouring of gasoline into the fill pipe described by the evidence in this case might be dangerous, or might leak on to the floor and that he knew there was a fire burning in the building within the vicinity of where such gasoline might leak, and that he permitted the Defendant to deliver the gasoline described in the evidence, or knowing that Defendant was liable to make such a delivery failed to notify the Defendant of the danger, and use reasonable care and precaution to prevent the

dumping or delivering of gasoline, then your verdict should be for the Defendant."

Appellants object to this instruction. The first portion of the instruction told the jury that, if Powers knew of the danger and stood by and permitted the pouring of gasoline into the fill pipe, then he was negligent. Appellants do not object to this portion of the instruction. The part to which appellants object is that part which told the jury that, if Powers knew of the danger and knew that the defendant was liable to deliver gasoline, then it was his duty to notify the defendant of the danger. Appellants contend that the standard for determining whether Powers should have notified the defendant of the danger is the standard of the ordinarily prudent man, and insist that what such a man would have done under like circumstances was a question for the jury. We cannot agree with appellants' contention. What constitutes negligence varies according to the exigencies which require vigilance and attention. 59 Cyc. 693, and cases cited. True, this question is generally for the jury, but, when a point is reached where all reasonable men must draw the same conclusion from the facts, then it becomes a question for the court. Bergeron v. M. & St. L. Ry. Co., 37 S. D. 458, 159 N. W. 51. Appellants agree that all reasonable men would draw the same conclusion if Powers, knowing of the danger, stood by and permitted the defendant to pour gasoline into the fill pipe. We think it is equally clear that all reasonable men would draw the same conclusion if Powers, knowing of the danger and knowing that the defendant was liable to deliver gasoline, failed to notify defendant of the danger. No reason is suggested by counsel and we find none in the record which would have prevented or even made it inconvenient for Powers to have notified the defendant of the danger. Powers was dealing with a dangerous substance. Courts take judicial notice of the fact that gasoline is a highly inflammable substance and of its dangerous character. Whittemore v. Baxter Laundry Co., 181 Mich. 564, 148 N. W. 437, 52 L. R. A. (N. S.) 930, Ann. Cas. 1916C, 818. By its verdict the jury has determined that Powers knew of the danger of pouring gasoline into the fill pipe, and further knew that the defendant was liable to deliver gasoline. In view of these circumstances, we are of the opinion, that it follows without further discussion that, because Powers failed to

notify defendant of the danger, these appellants, whose rights are dependent upon Powers' conduct, must accept the responsibility of his failure to act.

Appellants make some contention that Powers, acting as a reasonable man, could have believed that the defendant's agent would have discovered the danger before he commenced pouring any gasoline into the fill pipe, and that, had Powers, acting as a reasonable man, so believed, he would be relieved of any duty to notify defendant. Had Powers been dealing with some different substance, there might be some merit in this contention, but Powers was dealing with a substance inherently dangerous when brought in contact with fire, he knew there was a fire burning in the basement, and under the facts here presented we are satisfied that he should not be permitted to excuse his failure to take every reasonable precaution to prevent injury and damage by saying he believed that the defendant would discover the danger in time to avoid it.

We have examined the other assignments of error, and are of the opinion that, if there were error, it was without prejudice to appellants. We believe the case was fairly and fully submitted to the jury, and that the jury's verdict is final.

The judgment and order appealed from are affirmed.

All the Judges concur.