82 A.2d 920 (1951)
In re CAHOON'S WILL.
Civ. A. 51.
Superior Court of Delaware, New Castle County.
August 11, 1951.
James R. Morford and Morton E. Evans, of the firm of Morford, Bennethum, Marvel *921 & Cooch, of Wilmington, for appellant and executrix of the estate of Anna A. McCrone, deceased.
Clair J. Killoran, of the firm of Killoran & Van Brunt, and Philip Cohen, both of Wilmington, for appellee, executor of the last will and testament of Alberta Hoffecker Cahoon, deceased.
TERRY, J., sitting.
TERRY, Judge.
On April 19, 1949 Anna A. McCrone filed with the Register of Wills in and for New Castle County a petition for review of the second codicil to the last will and testament of her deceased sister, Alberta Hoffecker Cahoon.
The petition prayed for the rejection of the proposed second codicil, the revocation of letters testamentary theretofore granted to Harry K. Hoch, esquire, and the framing of an issue devisavit vel non to the Superior Court for the purpose of trying the issue before a jury.
The Register of Wills on the 22nd day of April, 1949, by letter opinion, denied the petition. By subsequent order he set the cause down for hearing, and on September 29, 1950 entered an order directing that the paper writing purporting to be the second codicil to the last will and testament of Alberta Hoffecker Cahoon, deceased, be admitted to probate as such.
The petitioner, Anna A. McCrone, died on December 29, 1950. Prior to her death she directed her counsel appearing for her before the Register of Wills (counsel being engaged on a contingent fee basis) to take an appeal on her behalf from the decision and order of the Register of Wills, aforesaid, to the Superior Court in and for New Castle County. Counsel filed the appeal in the Superior Court in the name of Anna A. McCrone on January 10, 1951. The first paragraph is as follows: "Anna A. McCrone, the petitioner below and the appellant here, hereby appeals from the decision of the Register of Wills for New Castle County in the above captioned matter."
The time for taking the appeal from the Register of Wills to the Superior Court expired by statutory limitation on March 29, 1951. Letters testamentary were granted in the estate of Anna A. McCrone on January 18, 1951, eight days subsequent to the filing of her appeal.
On April 25, 1951 the executor of the estate of Alberta Hoffecker Cahoon filed a motion to dismiss the present appeal. The motion was set down for argument at the May Term. At the opening of the argument on the motion to dismiss, counsel for the appellant in said appeal filed a motion suggesting that the Court substitute the duly appointed executrix of the estate of Anna A. McCrone, deceased, as party appellant in lieu of Anna A. McCrone as now appears. The motion to substitute was duly objected to by the executor of the estate of Alberta Hoffecker Cahoon, deceased.
The question presented is twofold:
"(1) Can an appeal such as in the present case be begun by a deceased person from a judgment or decree rendered against the deceased person while still living?
"(2) If the answer to (1) is `no,' then should the Court at this time allow the executrix of the estate of Anna A. McCrone to be substituted as the appellant in lieu of Anna A. McCrone, deceased?"
The appellee contends that no valid appeal has been taken to this Court from the decision of the Register of Wills dated September 29, 1950, for the reason that this Court has never acquired jurisdiction (1) over the person of the appellant, Anna A. McCrone, since she died before the appeal was begun, nor (2) over the subject matter of the appeal, since there is no party appellant in being.
Counsel for the appellant contends that in the event I should conclude that the appeal as filed in the name of Anna A. McCrone, appellant, is invalid, nevertheless, I should now grant the motion of the executrix of Anna A. McCrone and order that she be substituted as the party appellant in lieu of Anna A. McCrone as now appears.
Under the circumstances of the present case I think the appeal from the *922 Register of Wills to this Court, taken in the name of Anna A. McCrone after her death, as to her, is a nullity. The death of Anna A. McCrone completely severed the pre-existing relationship of attorney and client. Encyclopedia of Pleading and Practice, Vol. 2, Pg. 196; Taylor v. Elliott, 53 Ind. 441, 442; Branham v. Johnson 62 Ind. 259; Hennessey v. Denihan 110 Conn. 646, 149 A. 250; Powers v. Standard Oil Co., 62 S.D. 33, 251 N.W. 187; Williams, Administrator v. Dean, 144 Va. 831, 131 S.E. 1, 3; In re Harris Estate v. Tincher, 123 Cal.App. 506, 11 P.2d 667; Pasos v. Eastern Steamship Co., D.C., 9 F.R.D. 279; 4 C.J.S., Appeal and Error, § 406. Villhauer v. Toledo, 5 Oh.S. & C.P. 8, 13, 32 Cinc.L.Bul. 154.
The motion to substitute recites that it is being made pursuant to the provisions of Rule 25(a) (1) of this Court.
"Rule 25. Substitution of Parties
"(a). Death
"(1). If a party dies and the claim is not thereby extinguished, the court within 2 years after the death may order substitution of the proper parties. If substitution is not so made, the action shall be dismissed as to the deceased party. The motion for substitution may be made by the successors or representatives of the deceased party or by any party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of process, and may be served in any county."
The foregoing rule contemplates the subsequent death of a legally existent party to an action. Pasos v. Eastern Steamship Co., supra.
The question is one of substance. There can be no substitution of parties appellant in the present case, since there was no legally existent appellant at the time the appeal was filed, or at any subsequent time thereafter for whom the executrix of Anna A. McCrone can now be substituted.
The motion to substitute the executrix of the estate of Anna A. McCrone, deceased, as party appellant is denied. The motion of the executor of the estate of Alberta Hoffecker Cahoon, deceased, to dismiss the appeal is granted.
An order will be entered accordingly.