ADKINS v THOMAS SOLVENT COMPANY

Docket No. 102137. Submitted November 9, 1989, at Lansing. Decided
April 5, 1990.

   Cora Bell Adkins and others filed suit against Thomas Solvent
   Company and others in Calhoun Circuit Court alleging contam-
   ination and pollution of their property and well water as a
   result of defendants' alleged negligence and improper handling
   of toxic chemicals and industrial waste at their facilities situ-
   ated near plaintiffs' residences. Plaintiffs originally alleged
   claims of negligence, nuisance, trespass, and strict liability, but
   stipulated to the dismissal of all but the nuisance claim after
   agreeing that no toxic contamination had reached, or would
   reach, their well water from defendants' properties. Plaintiffs
   sought damages under their nuisance claim, contending that
   their property values had diminished because of defendants'
   tortious acts in contaminating the ground water. The court,
   Robert Holmes Bell, J., dismissed plaintiffs' claims for damages
   on the basis that, because no intrusion of contaminated water
   had occurred to plaintiffs' properties, there could be no quantifi-
   able damages based on a nuisance claim. Plaintiffs appealed.
       The Court of Appeals *held:*
       A plaintiff need not show a physical intrusion onto his land
   to recover damages under a private nuisance theory. The trial
   court erred in summarily dismissing plaintiffs' claims merely
   because the ground water beneath their properties had not
   been contaminated. Plaintiffs are not precluded from bringing a
   nuisance cause of action, even assuming that their only dam-
   ages are a decrease in property values.
       Reversed and remanded.

1. NUISANCE — DAMAGES — PHYSICAL INTRUSIONS.
   A plaintiff need not show a physical intrusion onto his land to
   recover damages under a private nuisance theory; a private
   nuisance is an interference with the use and enjoyment of one's
   property.

REFERENCES

Am Jur 2d, Nuisances §§ 7, 101, 323-326, 335.
See the Index to Annotations under Nuisances; Water Pollution.

2. NUISANCE — INJUNCTIONS — DECREASE IN PROPERTY VALUE.

   A decrease in one's property value occasioned by the activities of
   another may not be sufficient to entitle the property owner to
   an injunction prohibiting the other person from continuing that
   particular activity, but it is sufficient for the property owner to
   maintain a cause of action against the other person for dam-
   ages under a nuisance theory.

*Brown & Transeth* (by *James Burren Brown*), for plaintiffs.

*Foster, Swift, Collins & Smith, P.C.* (by *John L. Collins, Charles E. Barbieri,* and *Michael S. Wellman*), for Thomas Solvent Company, Thermo Chem, Inc., and Richard Thomas.

*Bodman, Longley & Dahling* (by *Frederick J. Dindoffer* and *Jeanne A. Van Egmond*), for Grand Trunk Western Railway Company.

Before: WEAVER, P.J., and BRENNAN and NEFF, JJ.

PER CURIAM. Plaintiffs appeal as of right from an order of dismissal pursuant to MCR 2.604 entered by the circuit court, dismissing with prejudice all of plaintiffs' claims for damages due to property depreciation or diminution in value against the Thomas Solvent defendants. We reverse and remand.

I

Plaintiffs brought this action alleging contamination and pollution of their property and well water as a result of defendants' alleged negligence and improper handling of toxic chemicals and industrial waste at their facilities situated near plaintiffs' residences. Plaintiffs originally alleged claims of negligence, nuisance, trespass, and strict

liability. However, after agreeing that no toxic contamination had reached, or would reach, their well water from defendants' properties, plaintiffs stipulated that, except for their nuisance claim, their claims should be dismissed. Plaintiffs claim that, because of defendants' tortious acts in contaminating the ground water, their property values had diminished, notwithstanding the fact that no contaminates had come, or would come, onto their property.

In dismissing plaintiffs' claims for damages based on a nuisance theory, the trial court determined that, because no intrusion of contaminated water had occurred, there could be no quantifiable damages based on a nuisance claim. We disagree.

II

To recover damages under a private nuisance theory, the plaintiff need not show a physical intrusion onto the land. See, e.g., *Whittemore v Baxter Laundry Co,* 181 Mich 564; 148 NW 437 (1914), where our Supreme Court determined that the trial court did not err in finding that the storage of gasoline tanks on premises adjacent to the plaintiff's property constituted a private nuisance.

"[T]respass is an invasion of the plaintiff's interest in the exclusive possession of his land, while nuisance is an interference with his use and enjoyment of it." *Hadfield v Oakland Co Drain Comm'r,* 430 Mich 139, 151; 422 NW2d 205 (1988), citing Prosser & Keeton, Torts (5th ed), § 87, p 622.

In discussing the concept of private nuisance, Prosser & Keeton state in pertinent part:

The essence of a private nuisance is an interference with the use and enjoyment of land. The

ownership or rightful possession of land necessarily involves the right not only to the unimpaired condition of the property itself, but also to some reasonable comfort and convenience in its occupation. . . .

The different ways and combinations of ways in which the interest in the use or enjoyment of land may be invaded are infinitely variable. A private nuisance may consist of an interference with the physical condition of the land itself . . . . It may consist of a disturbance of the comfort or convenience of the occupant . . . . Likewise, it may disturb merely his peace of mind. . . . A threat of future injury may be a present menace and interference with enjoyment, . . . and even though no use is being made of the plaintiff's land at the time, the depreciation in the use value of the property because of such conditions or activities is sufficient present damage upon which an action may be based. . . . So long as the interference is substantial and unreasonable, and such as would be offensive or inconvenient to the normal person, virtually any disturbance of the enjoyment of the property may amount to a nuisance. [Prosser & Keeton, *supra,* pp 619-620.]

On the basis of the foregoing, we conclude that the trial court erred in finding that plaintiffs had not shown "some damage that is actually quantifiable" and in summarily dismissing plaintiffs' claims merely because the ground water beneath their properties had not been contaminated. A physical intrusion or physical impact onto the land is not a requirement for maintenance of a cause of action based on nuisance.

III

Defendants, citing *Smith v Western Wayne Co Conservation Ass'n,* 380 Mich 526; 158 NW2d 463 (1968), contend that a decrease in property value

alone is not enough to constitute a nuisance. Plaintiffs, on the other hand, contend that, as a result of defendants' tortious conduct, plaintiffs altered their life styles to avoid using tap water. Even assuming that plaintiffs' only damages are a decrease in their property values, plaintiffs are not precluded from bringing a nuisance cause of action.

In *Smith,* p 543, our Supreme Court stated:

> Whether the presence of the range affects the market value of surrounding properties is disputed between the parties. Plaintiffs say it will depreciate their properties; defendants say the value will be increased, as this is low land, unsuitable for development, and serving as a buffer between the property of the Detroit House of Correction and other properties. Assuming, however, that some decrease in value would result, this is not in itself sufficient to constitute a nuisance. *Warren Township School District v City of Detroit,* [308 Mich 460; 14 NW2d 134 (1944).]

Both *Smith* and the case on which *Smith* relies, *Warren Twp,* are distinguishable from this case because they involved nuisance actions where the plaintiffs sought only injunctive relief. In *Warren Twp,* the Supreme Court, quoting from *Swetland v Curtiss Airports Corp,* 41 F2d 929 (ND Ohio, 1930), stated:

> Evidence has been offered upon the issues as to whether or not the property of the plaintiffs will decrease in value if the location of the airport upon the adjoining property is not enjoined. We find it unnecessary to determine this issue, for if it be conceded that the property of the plaintiffs will decrease in value if the airport is permitted to operate, that alone would not entitle the plaintiffs *to an injunction.* [*Warren Twp, supra,* p 469; emphasis added.]

We read *Smith* and *Warren Twp* to require that a mere decrease in property value, by itself, is insufficient to entitle a plaintiff to an *injunction.* We do not read those cases to prohibit property owners who have allegedly suffered a decrease in the values of their properties from maintaining a cause of action based on nuisance.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.