# CASES ARGUED AND DECIDED

IN THE

# Supreme Court of Georgia.

## OCTOBER TERM, 1893.

---

### JENKINS *v.* THE STATE.

1. By virtue of the act of October 19, 1891, a city court comes into legal existence as soon as a recommendation is made by the grand jury; and should this occur during a recess of the senate, and should the governor appoint and commission a judge of the court, who qualifies and enters upon the performance of his duties, he is a judge *de facto*, if not *de jure*, although his appointment has not been confirmed by the senate; and the court over which he presides may exercise such jurisdiction as is conferred upon it by law, as effectually as if confirmation had taken place.
2. Where drunkenness was set up, not as an excuse for an admitted act, but to show physical inability to do the act at all, there was no error in charging: " While drunkenness is no excuse for crime, it is a fact which may be proven as any other fact, to throw light on other facts or circumstances in the case."
3. The evidence of guilt was barely sufficient ; but the verdict having been approved by the presiding judge, this court will not reverse the judgment refusing a new trial.

October 9, 1893.

Indictment for simple larceny.    Before Judge BROWN. City court of Carroll county.    June term, 1893.

COBB & REESE, for plaintiff in error.

T. A. ATKINSON, solicitor-general, and EDGAR WATKINS, solicitor, by ATKINSON & HALL, *contra*.

LUMPKIN, Justice.

1. The act of October 19, 1891 (Acts of 1890-91, vol. 1, p. 96), declares, " that upon the recommendation of

the grand jury of any county of this State having a population of fifteen thousand or more, where the same does not now exist, there shall be, and the same is hereby established, a city court for said county; the powers, jurisdiction, officers and mode of selecting them of said court shall be the same as now prescribed by the act creating the city court of the city of Macon, approved August 14, 1885." The act creating the city court of Macon above referred to (Acts of 1884-5, p. 470) provides: "That there shall be a judge of said city court of Macon, who shall be appointed by the governor, by and with the advice and consent of the senate, whose term of office shall be four years, and all vacancies in the office of judge shall be filled by appointment of the governor for the residue of the unexpired term, such appointment being subject to the approval of the senate which may be then in session, or if the senate be not in session at the time of such appointment, then subject to the approval of the senate at its next session thereafter." It appears from the record that at the April term, 1893, of the superior court of Carroll county, the grand jury recommended the establishment of a city court for that county; and that soon thereafter, the governor appointed Hon. W. F. BROWN judge of that court, and issued to him a commission accordingly. At the time this appointment was made, the General Assembly was not in session, nor had there been any session up to the time of the trial of the accused. The point made by the plea to the jurisdiction filed by the accused was, that there having been no vacancy in the office of judge of the city court, nor any residue of any unexpired term, the governor had no legal right to appoint and commission a judge of this court. This plea recited that Carroll county had a population of at least ten thousand. The act of October 19th, 1891 (Acts of 1890–91,

vol. 1, p. 96), applied to counties having a population of fifteen thousand or more. This act was amended by the act of December 23rd, 1892 (Acts of 1892, p. 107), by which the words " ten thousand " were substituted for "fifteen thousand." The only position insisted upon, so far as related to the question of jurisdiction, was, that the power of the governor being derived from the terms of the act creating the city court of Macon, adopted by the general city court act of 1891, no appointment made by him could be valid until after its confirmation by the senate, except in case of a vacancy, in which event he could appoint only for the residue of an unexpired term; and that if such an appointment should be made while the senate was in session, it must be at once confirmed, or if not in session, then the appointment would be subject to the approval of the senate at its next session. Accordingly, it was argued that when the court was established by the recommendation of the grand jury, and there had never been a judge of this court in actual commission, there could be no such vacancy as the act of 1885 contemplated, and certainly no residue of an unexpired term in the judgeship; and the conclusion pressed was, that a judge of the city court of Carroll county could not be legally appointed and commissioned for the first time unless the senate was actually in session when the appointment was made. It will be observed that the very individual assuming to act as judge of this court was called upon to decide whether or not he had legal authority to exercise the functions of this office, and his decision holding that he was rightly in office is assigned as error in the bill of exceptions brought to this court. It might, perhaps, be proper to dispose of this branch of the case by ruling that the question of the right of the judge to hold the office could not be thus made. The position of· the

plaintiff in error being that the person before whom he was tried was not a judge, and therefore that he was not tried in any legal court, and this court having no jurisdiction except upon writs of error from certain specified courts legally constituted and established, it would follow that if the contention of the plaintiff in error is sound, it could only result in this court's declining to entertain the case. We do not, however, care to dispose in this manner of the question presented, nor is it necessary to a proper disposition of it that we should decide whether or not the Hon. W. F. Brown was, at the time of the trial in question, judge *de jure* of the city court of Carroll county. One thing is certain beyond question, viz : that the city court of that county came fully and completely into legal existence, with all the powers and jurisdiction conferred upon it by law, as soon as the grand jury recommended its establishment. The legal existence of the court as such did not in the slightest degree depend upon whether it had a judge or not. As soon as the recommendation of the grand jury was made and promulgated, the court came into being as a legal tribunal, and though it could not proceed with the transaction of business without a judge, it was not for this reason any less a court than is any other court where there may be temporarily a vacancy in the office of judge. The governor, believing it to be his duty, appointed and commissioned Mr. Brown as the judge of this court. Whether this action, in advance of a session of the senate which could confirm the appointment, was premature or not, we are sure that Mr. Brown became at least a judge *de facto*. There was an executive order making the appointment, and a commission was delivered to him which, on its face, authorized him to discharge all the duties of this office; and in our opinion, until it has been judicially determined, upon proper proceedings for the purpose, that

he has no right to exercise the functions of this office and discharge its duties, his acts as judge are valid. At any rate, their validity cannot be called into question collaterally. He stands as any other person exercising the functions of office under a commission from the proper source until that commission has been declared void. In thus disposing of the plea to the jurisdiction, we stand upon safe ground, and no good reason requires us to enter upon a discussion and decision of the question as to whether or not the appointment was absolutely legal and proper. Indeed, as already above intimated, we have gone a step further than the plaintiff in error, from his standpoint, had any right to ask, in entertaining this case at all.

2. The court charged: " While drunkenness is no excuse for crime, it is a fact which may be proven as any other fact to throw light upon other facts or circumstances in the case." Error was assigned on this charge, upon the ground that there was nothing in the evidence to authorize it. The accused did not admit the alleged act of larceny and set up drunkenness as an excuse for the same, but insisted that he did not commit the act at all, and endeavored to show that because of drunkenness he was physically unable to commit the larceny at the time it was perpetrated. Still, we do not think that giving this charge was error. The accused sought, by endeavoring to prove he was drunk, to show that an inference of his guilt could not fairly be drawn from the evidence introduced by the State; and while he did not set up drunkenness as an excuse literally for an admitted act on his part, he did, in the manner stated, set it up as a defence in the case. The court in referring to this subject might, under the circumstances, have used more apt and appropriate language, but we are entirely satisfied the jury were not misled, and that no injury resulted to the accused from this instruction.

3. Upon the merits, this was an exceedingly weak case. The evidence was barely sufficient to authorize a conviction, and the judge might very properly have granted a new trial. Inasmuch as he did not, but on the contrary, approved the finding, this court will not depart from its established rule in such cases by ordering the verdict to be set aside.          *Judgment affirmed.*