## E. C. CHILDS v. STATE.

No. A-333.   Opinion Filed December 14, 1910.

1. OFFICERS—County Attorneys—Legislative Control of Duties. The office of county attorney is not imbedded in the Constitution of this state; and it may therefore be abrogated, or the powers and duties pertaining to it enlarged or diminished, or wholly or partially transferred to district or state officers, as the Legislature may see fit.

2. OFFICERS—Creation of Offices—Sufficiency of Enactment. It is not necessary to the creation of an office that the Legislature declare in express words that such office is created. The use of any language which shows the legislative intent to create the office is sufficient. And an act which empowers the Governor to appoint a person to an office, and which designates the qualifications which the incumbent of the office must possess and the duties which he is to perform, is sufficient to create the office.

3. **SAME—Term of Appointive Office.** The general rule is that when an office is created to be filled by appointment, if the Legislature does not designate the term of the office, the appointee will hold only during the pleasure of the appointing power.

4. **OFFICERS—Existence of Office Regardless of Incumbent.** An office is a legal entity, and may exist in fact although it be without an incumbent.

5. **OFFICERS—Compensation—Necessity.** Compensation is not indispensable to an office; it is merely incident thereto, and is no part of the office.

6. **OFFICERS—Prohibition Enforcement—Counsel to Governor—Constitutionality.** Sec. 24, art. III, Session Laws 1907-8, (Sec. 4204 Snyder's Comp. Laws.) creating the office of Counsel to the Governor, and making it such officer's duty to assist in the enforcement of the prohibitory laws, is not unconstitutional; and such officer has the same power to sign and file an information charging a violation of the prohibitory laws as has the county attorney.

7. **INFORMATION—Sufficiency—Method of Attack.** The questions whether an information states facts sufficient to constitute an offense, is duplicitous, or is defective in the description of the offense, cannot be raised by motion to set aside, but only by demurrer.

8. **INTOXICATING LIQUORS—Information—Duplicity.** An information which charges a defendant with having in possession intoxicating liquor with the intent to sell same, and with the intent to convey same from one place within the state to another place therein, does not charge two offenses.

9. **INTOXICATING LIQUORS—Evidence—Previous Legal Proceedings.** In a prosecution for having in possession intoxicating liquor with intent to sell same and to convey same from one place within the state to another place therein, evidence that previously a justice of the peace had caused the liquor to be seized under a search warrant, and on the defendant's motion had subsequently quashed the warrant and ordered the liquor redelivered to the defendant, is not competent or admissible in the defendant's behalf.

10. **SAME—Evidence—Intent to Sell.** In a prosecution for having in possession intoxicating liquor with intent to sell same, proof that the defendant kept large quantities of liquor concealed on his premises is competent as a circumstance tending to show the intent to sell.

(Syllabus by the Court.)

*Appeal from Seminole County Court; T. S. Cobb, Judge.*

E. C. Childs was convicted of violating the prohibition law, and he appeals. Affirmed.

*Davis & Davis,* for plaintiff in error.
*Fred S. Caldwell,* for the State.

RICHARDSON, JUDGE. The information in this case was signed by Fred S. Caldwell as Counsel to the Governor, and charged plaintiff in error with having in possession intoxicating liquor with intent to sell the same and to convey the same from one place within the state to another place therein. Plaintiff in error orally moved the court to set aside the information because it was not signed by the county attorney. The court overruled the motion, and the ruling is assigned as error.

The Legislature of 1907-8 enacted a prohibition law, which was approved March 24, 1908 (Session Laws, 1907-8, page 594, Snyder's Comp. L. Okla., chap. 61), section 24 of art. III of which (sec. 4204 of Snyder's Comp. Laws) provides for the appointment of an attorney to be known as Counsel to the Governor. The section reads as follows:

"The Governor shall have power to appoint an attorney who shall have been a resident in this state for at least two years, and shall have been a lawyer licensed by some court of record for at least five years, who shall be known as Counsel to the Governor. He shall, under the direction of the Governor, assist in enforcing the provisions of this act, and the other laws of the state, and shall perform such other duties as the Governor may from time to time require. He shall have all the powers of county attorneys in their respective counties. He shall hold office during the pleasure of the Governor, and shall give bond, to be approved by him, conditioned for the faithful discharge of his duties, in the sum of three thousand dollars ($3,000) and shall receive a salary, to be fixed by the Governor of not more than twenty-five hundred dollars ($2,500) per annum, payable monthly; Provided, that in lieu of, or in addition to, appointing such attorney the Governor may call upon the Attorney General or his assistant to perform such service."

Inasmuch as this section provides that such Counsel to the Governor shall have all the powers of county attorneys in their

respective counties, it is plain that, if the section is not unconstitutional, the Counsel to the Governor may sign and file an information for a violation of the prohibition law, since a county attorney may lawfully do so.

In 1907 the Legislature of North Dakota passed an act somewhat like the one in question here, providing that the Governor should appoint an enforcement commissioner, who should be an attorney at law, and who was authorized to exercise in any part of the state all the common-law and statutory powers of state's attorneys in their respective counties in the enforcement of the law against the manufacture and sale of intoxicating liquors. Section 173 of the Constitution of North Dakota reads as follows:

"At the first general election held after the adoption of this Constitution, and every two years thereafter, there shall be elected in each organized county in the state a county judge, clerk of court, register of deeds, county auditor, treasurer, sheriff and state's attorney, who shall be electors of the county in which they are elected, and who shall hold their office until their successors are elected and qualified. The legislative assembly shall provide by law for such other county, township and district officers as may be deemed necessary   *   *   *"

And the Supreme Court of North Dakota in *Ex parte Corliss,* 114 N. W. 962, held the act of the Legislature void on the ground that the office of state's attorney was a constitutional office in that state; that the section of the Constitution above quoted unqualifiedly provided that the incumbent of that office should be elected by the people of each county; that by said section there was reserved to the people of each county the right to have the functions inherently pertaining to such office discharged only by the person of their own choosing, and that such right could not be infringed by a legislative enactment transferring any of the inherent powers of the state's attorney to a person appointed by central authority. There is a strong dissenting opinion in that case. We do not find it necessary, however, to express approval or disapproval of the reasoning used or the conclusion reached in either the prevailing or the dissenting opinion therein, for the reason that our constitutional provisions are wholly different from those

of North Dakota with respect to the office of county attorney. Section 2 of article 17 of our Constitution is as follows:

"There are hereby created, *subject to change by the Legislature,* in and for each organized county of this state, the offices of Judge of the County Court, *County Attorney,* Clerk of the District Court, County Clerk, Sheriff, County Treasurer, Register of Deeds, County Surveyor, Superintendent of Public Instruction, three County Commissioners, and such municipal township officers as are now provided for under the laws of the Territory of Oklahoma, except as in this Constitution otherwise provided."

By section 18 of the Schedule to our Constitution it is provided that, *"Until otherwise provided by law* the terms, duties; powers, qualifications, and salary and the compensation of all county and township officers not otherwise provided by this Constitution shall be as now provided by the laws of the Territory of Oklahoma for like named officers * * *." It will be seen from an examination of these two constitutional provisions that neither the office of county attorney nor the duties and powers pertaining thereto are imbedded in the Constitution. The office may be entirely abrogated, or the powers and duties pertaining to it enlarged or diminished or wholly or partially transferred to district or state officers as the Legislature may see fit. And for that reason it cannot be urged that this act is unconstitutional and void as depriving the office of county attorney of any of its constitutional powers and duties.

In the case of *State v. Buller,* 105 Me. 91, the Supreme Court of Maine held unconstitutional an act somewhat similar to the one in question on the ground that the act did not create the office, but professed to empower the Governor to do so; and the court held that such power could not be delegated to the Governor. That act was in part as follows:

"The Governor may, after notice to and an opportunity for the attorney for the state for any county to show cause why the same should not be done, *create* to continue during his pleasure the office of special attorney for the state in such county and appoint an attorney to perform the duties thereof. Such appointee shall, under the direction of the Governor, have and exercise the

same powers now vested in the attorney for the state for such county in all prosecutions relating to the law against the manufacture and sale of intoxicating liquors, and shall have full charge and control thereof   *   *   * "

And the commission issued by the Governor of Maine under that statute was in the following words:

"Know Ye, that I, William T. Cobb, Governor of the State of Maine, do hereby *create* to continue during my pleasure the office of Special Attorney for the State of Maine in the County of Somerset, all as provided by chapter .92 of the Public Laws of the State of Maine, for the year A. D. 1905, entitled 'An act to provide for the better enforcement of the laws against the manufacture and sale of intoxicating liquors,' and especially as provided for under section 8 of said chapter:

"And reposing special trust and confidence in the integrity, ability and discretion of Amos K. Butler, of Showhegan in the said County of Somerset, do hereby constitute and appoint the said Amos K. Butler Special Attorney for the State of Maine within and for said County of Somerset   *   .*   * "

It will be observed that the act of the Legislature of Maine did not purport to create the office of special attorney for the state, but specifically empowered the Governor to create such office; and the commission which the Governor issued expressly professed to create the office. An examination of section 4204 of Snyder's Comp. Laws, quoted above, will disclose no such condition here. The section in question authorizes the Governor to appoint an attorney who shall be known as Counsel to the Governor; the section fixes the qualifications of the person to be appointed, and prescribes his duties; and we think that was sufficient to create the office. Nine-tenths of the offices created by the Legislatures of the various states in the Union and by the Congress of the United States are created in just this way; that is, by a provision authorizing the appointment or election of some person, designating the qualifications which he must possess, to some office the powers and duties pertaining to which are prescribed by the act. It is not necessary to the creation of an office that the Legislature declare in express words that such office is created.

The use of any language which shows the legislative intent to create the office is sufficient. And an act which empowers the Governor to appoint a person to an office, and which designates the qualifications which the incumbent of the office must possess and the duties which he must perform, is sufficient to create the office.

It is true that the act in question does not fix the term of office, but provides that the appointee shall hold office during the pleasure of the Governor; but we do not regard that as fatal. The general rule is that whenever an office is created to be filled by appointment, if the Legislature does not designate the term of the office, the appointee will hold only during the pleasure of the appointing power. Mechem on Public Officers, sec. 406 and sec. 445; Throop on Public Officers, sec. 304; 29 Cyc. pp. 1370, 1371, 1395, 1396. See also *Patton v. Vaughn,* 39 Ark. 211; *People v. Hill,* 7 Cal. 97; *People v. Higgins,* 15 Ill. 110; *Peters v. Bell,* 50 La. Ann. 1621, 26 So. 442; *Paris v. St. Paul,* 84 Minn. 426, 87 N. W. 1124; 87 Am. St. Rep. 374; *Newson v. Coke,* 44 Miss. 352, 7 Am. Rep. 686; *People v. Brooklyn,* 149 N. Y. 215, 43 N. E. 554; *State v Archibald,* 5 N. D. 359, 66 N. W. 234; *Williams v. Boughner,* 6 Cold. 486; *Keenan v. Perry,* 24 Tex. 253; *Ex parte Hennen,* 13 Pet. 230, 10 L. Ed. 136; *Smith v. Brown,* 59 Cal. 672; *People v. Commissioners,* 73 N. Y. 437. Nor is the act bad because it does not require that the office be filled, but provides that in lieu of appointing such officer the Governor may call upon the Attorney General or his assistant to perform such service. In legal contemplation an office is an entity, and may exist in fact although it be without an incumbent. *People v. Stratton,* 28 Cal. 382; *State v. Rose,* 74 Kan. 262, 86 Pac. 296, 6 L. R. A. (N. S.) 843; *Heard v. Elliott,* 116 Tenn. 150, 92 S. W. 764. In the last mentioned case the syllabus is as follows:

"Act 1875, p. 51, c. 55, abolished the office of county entry taker, and Acts 1879, p. 65, c. 46, entitled 'An act to establish the entry taker's office,' provides that there should be elected by the justices of the county courts at the April term of the court, or any quarterly term, every four years, an entry taker for any

county in the state desiring to have an entry taker. *Held,* that such act of 1879 created the office of entry taker throughout the state, whether a county elected to fill the same or not."

Neither is the section void because it provides that the Counsel to the Governor shall receive a salary, to be fixed by the Governor, of not more than $2,500 per annum, payable monthly. Assuming that the power to fix the salary of an office cannot be delegated to the Governor, and that this provision is therefore void, yet it does not follow that the whole section is void or that the office was not in fact created. Salary is merely incident to an office, and constitutes no part of the office; the office may exist without provision for compensation of any kind or character. Compensation is not indispensable to an office. Throop on Public Officers, sec. 8; Mechem on Public Officers, sec. 7; *State v. Stanley,* 66 N. C. 59, 8 Am. Rep. 488; *Howeston v. Tate,* 68 N. C. 547; *State v. Kennon,* 7 Ohio St. 546; *U. S. v. Hartwell,* 6 Wall. (U. S.) 385.

Whether that portion of the section which provides that, in addition to enforcing the provisions of the prohibition law, the Counsel to the Governor shall assist in enforcing the other laws of the state and shall perform such other duties as the Governor may from time to time require, and shall have all the powers of county attorneys in their respective counties, is void as not being within the title of the act, we shall not attempt to determine here; for it is certain that the creation of this office was primarily for the purpose of securing the better enforcement of the prohibition law, and the other powers granted to the incumbent of such office being merely additional, they may fall without affecting the main purpose of the section. (Sec. 57, art. V, Const.) In the instant case the Counsel to the Governor was acting solely in the enforcement of the prohibition law; and we hold that even though the act be not effective to confer any other powers upon such officer, that does not render it bad, but it is effective at least in so far as it grants the power to enforce that law. In our opinion the Counsel to the Governor had full power to sign the informa-

4 Cr.—31

tion in this case, and the motion to quash the information on this ground was properly overruled.

Another ground upon which plaintiff in error moved to quash or set aside the information was that it did not state facts sufficient to constitute a public offense. This defect, if it existed, was ground for demurrer by section 6747 of Snyder's Comp. Laws, and was not ground for setting the information aside. The demurrer, by section 6748, must be in writing, signed either by the defendant or his counsel, and filed. This question, therefore, was not properly raised in the court below. We have examined the information, however, and find that it properly charged an offense; and even if plaintiff in error had demurred on this ground, the demurrer could only have been overruled.

It is next urged that the information charged two offenses, in that it alleged that plaintiff in error wrongfully and unlawfully had in his possession three cases and five pints of whisky, with the intent on his part to sell said whisky to divers and sundry persons, and with the intent then and there to convey the same from one place in said county to another place therein. The contention is that, inasmuch as the information alleged that plaintiff in error had the whisky in his possession with the intent to violate two provisions of the law, the information was duplicitous. If this contention were well taken, the matter could have been raised only by demurrer under section 6747 of Snyder's Comp. Laws; and, as previously stated, no demurrer was filed. In the next place, only one possession of liquor was charged and the fact that plaintiff in error may have intended to violate two provisions of the law with the liquor in his possession, and the fact that the information so alleged, would not make it duplicitous. It charged only one offense.

The information is further complained of for the reason that it does not allege that plaintiff in error's intent to sell and to convey the liquor in possession was wrongful and unlawful. This is a question also that could be raised only by a demurrer. But, however raised, the information alleges that the possession

of the liquor was wrongful and unlawful and with the intent to violate certain designated provisions of the laws of Oklahoma, and that was sufficient.

An instruction of the court is complained of wherein the jury were told that they should convict if they found from the evidence beyond a reasonable doubt, first, that the defendant was in the possession of the liquor, and second, that he intended to sell the same in violation of the law, or that he intended to convey the same from his residence to his pool hall. There was no error in the instruction given.

It is next urged that the court erred in not sustaining plaintiff in error's demurrer to the state's evidence. There was no error in this. Section 6848, Snyder's Comp. Laws; *Pierce Cox v. State (infra),* decided at this term.

Plaintiff in error introduced a justice of the peace as a witness in his behalf, and undertook to prove by the justice and his records that theretofore he had issued a search warrant for certain liquor in plaintiff in error's possession, and that afterwards, on the latter's motion, had quashed the warrant and ordered the liquor redelivered to him. This the court ruled out, and plaintiff in error contends that such action was erroneous for the reason that the evidence of the justice of the peace tended to establish an adjudication that the defendant's possession of the liquor in question was lawful. The court properly ruled out the evidence. It was not competent under any phase of the case. The justice had no jurisdiction of this case, and his action in the proceeding before him could not bind the county court in the trial of this cause. Also it was not shown that the liquor which the justice ordered returned to plaintiff in error was the same liquor in controversy in this case; and if it was, we know of no rule of law that would forbid the state from proving that the defendant had subsequently formed an intent to violate the law with the liquor in possession, even if the state were precluded by the justice's order from proving that the intent existed at the time the justice made the order in question.

It was proved by the sheriff that, on the day this offense was charged to have been committed, he was about to search the plaintiff in error for liquor under a search warrant, when the latter pulled from his pocket two bottles of whisky and broke them. And plaintiff in error contends that the admission of this evidence was erroneous, as also the admission of evidence tending to show that he kept a large quantity of liquor concealed in his house in a side of the wall, and that he had numerous bottles and cartons around the premises. The latter evidence was competent as a circumstance tending to show plaintiff in error's intent to sell the liquor in possession, and the evidence in regard to his breaking the bottles in the presence of the sheriff was competent as tending to show an attempt on his part to destroy evidence against him.

Complaint is made of the action of the court in refusing to give two instructions specially requested, but the court committed no error in this respect. The instructions given were just and correct and fairly and properly stated the law. The evidence as a whole conclusively shows plaintiff in error to have been a wilful and confirmed violator of the prohibition law and indisputably establishes his guilt of the present offense. His conviction was right and it is affirmed.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.