CASON, chief of police, *v.* McLEOD.

No. 7170. June 13, 1929.

*Saffold, Sharpe & Saffold,* for plaintiff in error.

*I. H. Corbitt,* contra.

Hines, J.   McLeod filed his application for the writ of habeas corpus against Cason, as chief of police of the City of Vidalia, in which he alleged that on February 18, 1929, he was tried and convicted in the recorder's court of said city for being drunk and disorderly, being tried by a so-called recorder of said court, and was sentenced to serve 90 days on the streets of said city; that under said sentence he was being deprived of his liberty, being confined in the city jail in the custody and control of the chief of police, who refused to restore him to liberty, and that he was being illegally detained by said chief of police, for the reason that said sentence of said recorder was null and void, in that there is no ordinance of the City of Vidalia creating a recorder's court, or the office of recorder, as provided in the charter of said city.   In his answer the chief of police alleged that he was detaining the applicant for the reason that he had been tried and convicted as alleged in the petition of applicant, and sentenced to serve on the streets of the city as alleged in the petition, and that as chief of police of said city he had the applicant in custody for the purpose of carrying out the sentence of the recorder.   On the hearing the plaintiff introduced a certified copy of the following resolution : "P. T. Fulmer nominated C. T. McCorkle for the office of city recorder, his salary to be $25.00 per month.   The nomination was seconded by C. E. Adams, and resulted in [his election by] a unanimous vote."   Plaintiff then introduced in evidence the oath of office filed by C. T. McCorkle as city recorder.   It was admitted that the mayor and council of the city had not passed any ordinance establishing the office of city recorder, and that the above resolution appointing McCorkle as city recorder was the only ordinance or resolution showing establishment of the office of recorder.   The trial judge passed an order discharging the applicant from the custody of the respondent; and to this judgment respondent excepted on the ground that it was contrary to law,

■ By section 24 of the act creating a new charter for the City of Vidalia (Acts 1922, pp. 1004, 1023) there was established in said city a "court to be known and designated as the police court of the City of Vidalia," with jurisdiction "over all violations of the laws and ordinances of said city, and all others over which municipalities are allowed jurisdiction under the laws of the State of Georgia, whenever said violations and offenses are committed within the corporate limits of" said city; and that "The sessions of said court shall be held and presided over by the mayor, or the mayor pro tem, or by the city recorder, in the event the mayor and council shall see fit to create such office as hereinafter provided." By section 31 of said act it is provided "that the Mayor and Council of the City of Vidalia may, wherever in their judgment they see fit, create the office of city recorder for said city, and to elect some upright and intelligent person reasonably skilled in the law, resident of said city, to perform the duties of that office, and to fix at not more than six hundred ($600.00) dollars per annum his compensation therefor. Said recorder may be elected at any time that in the judgment of mayor and council his services may be necessary or desirable, and he shall hold his office for a term of one year, or until the qualification of the mayor and council following the next city election, and until his successor is elected and qualified." No particular language is necessary to create an office, if the intent of the legislative body to create it is manifested by the language used. It is not necessary that the legislative body declare in express words that an office is created. The use of any language which shows the legislative intent to create the office is sufficient. Childs v. State, 4 Okla. Cr. 474 (113 Pac. 545, 33 L. R. A. (N. S.) 563) ; Ryan v. Riley, 65 Cal. App. 181 (223 Pac. 1027) ; 46 C. J. 933 (§ 29) A.

■ In view of the provisions of section 31 of the charter of the city, providing for the creation of the office of city recorder, for the election of such officer, prescribing his qualifications, fixing the maximum salary which can be paid him, and the term for which he should hold office, the resolution set out above, by which McCorkle was unanimously elected to such office at a salary of $25 per month, was sufficient to create the office of city recorder for said city, and to constitute said McCorkle city recorder, although said resolution and no other ordinance of the city expressly created such office.

This being so, the conviction and sentence of the plaintiff by Mc-Corkle as city recorder were not null and void because the office of city recorder had not been created; and the trial judge erred in discharging the plaintiff from custody.

Judgment reversed. *All the Justices concur.*