MacNEILL, Treasurer, *v.* WERTZ.

No. 15339.   JANUARY 15, 1946.   REHEARING DENIED FEBRUARY 21, 1946.

*E. Harold Sheats* and *W. S. Northcutt*, for plaintiff in error.

*Thomas B. Branch Jr., James A. Branch,* and *Woodruff, Ward & Etheridge,* contra.

ATKINSON, Justice. (After stating the foregoing facts.) ■ The first question for determination is whether or not, by the amendment filed after the previous decision of this court, the petition then alleges that the appointment of Mrs. Wertz by the judge of the superior court was by recommendation of the grand jury in accordance with the act approved August 16, 1913 (Ga. L. 1913, p. 112; Code, § 27-2703). In order to determine whether the position held by Mrs. Wertz was provided by recommendation of the grand jury, it becomes necessary to enumerate their various recommendations as contained in the amendment, and also to compare

the appointments to fill these positions made by the judges previous to her appointment. At the September term, 1913, the grand jury made a recommendation for the appointment of a "probation officer;" in November, 1914, they recommended an "experienced woman;" on December 18, 1914 they recommended a "competent woman;" at the November term, 1915, they recommended the appointment of "such assistants as he may deem necessary;" at the September term, 1920, they made a recommendation. "We believe that it would not be unwise to employ additional help for field work in connection with the probation office;" and at the September term, 1921, their presentments, after making reference to probation officers, stated, "An assistant in this office is badly needed, and we suggest that, if a field assistant cannot be provided, . . a young man to handle detail office work be employed." The recommendation in 1915, being in the plural, authorized the appointment of at least two; and though the recommendations of 1920 and 1921 are informal, they are sufficiently definite to authorize the judge to make appointments thereunder. Whereby an act of the legislature an office is created to become effective and operative upon the recommendation of the grand jury, no particular form or language is required in the presentments so long as the intent of the grand jury's recommendation is clear and understandable. *Haney* v. *Commissioners*, 91 *Ga.* 770, 773 (18 S. E. 28) ; *Cason* v. *McLeod,* 168 *Ga.* 702 (148 S. E. 584). From the foregoing recommendations of the grand jury, there are provisions made for seven positions to be filled by appointment of the judge. Eliminating from consideration those who were appointed, but who subsequently resigned or for other reasons had successors appointed, the following appointments appear: George Allen Maddox, May 24, 1919; Don W. Green, May 24, 1919; Miss Idella Bellah, September 30, 1922; J. M. McElroy, September 1, 1925; Mrs. Lena Wertz, February 21, 1927; and Walter T. Daniel and Charles P. Martin "after February 21, 1927." On December 31, 1930, the petitioner was again appointed as an adult probation officer and her salary fixed at $150 per month.

From the foregoing it appears that the petition as amended sufficiently set forth that the judge of the superior court had authority based upon grand-jury recommendations to appoint the petitioner as an assistant probation officer.

■ The treasurer insists that, under the facts alleged, the various recommendations of the grand jury became functus officio when not acted upon promptly by the judge. We do not concur in this view. In *Freeney* v. *Pape,* 185 *Ga.* 1 (2) (194 S. E. 515), in reference to this same act it was said: "The act does not delegate any legislative power, but itself creates the office, to become operative in any particular county on . . recommendation by its grand jury." Accordingly, upon the recommendation of the grand jury, the office became operative and legally existed, even though no one was appointed thereto. The appointment of the official became mandatory upon the judge. The mere fact that an office is not being filled by any one does not nullify the legal existence of the office. *Massenburg* v. *Commissioners of Bibb County,* 96 *Ga.* 614 (23 S. E. 998); *Morris* v. *Glover,* 121 *Ga.* 751 (49 S. E. 786); *Culberson* v. *Watkins,* 156 *Ga.* 185 (119 S. E. 319); *Jenkins* v. *State,* 93 *Ga.* 1 (18 S. E. 992).

■ It is further insisted by the treasurer that the court erred in striking the answer. It is contended that there were certain denials of allegations in the petition, raising issues of fact which should have been submitted to a jury. In the answer there is no specific denial that Mrs. Wertz was appointed a probation officer by the judge of the superior court and her salary fixed at $150 per month; or that she received compensation at less than $150 per month without an order of the judge changing the amount of her salary as originally fixed. Construing the answer in its entirety, in substance it denies that Mrs. Wertz performed the duties of a probation officer, and also controverts the legality of her appointment. A valid appointment having been alleged, the nature of the duties performed· by Mrs. Wertz would not be germane to the mandamus proceeding. *Butler* v. *Pape,* 183 *Ga.* 599 (5) (188 S. E. 890). Where properly appointed to the office with a salary fixed, she would be entitled to the salary whether she performed the duties of the office or not. *Tucker* v. *Shoemaker,* 149 *Ga.* 250 (99 S. E. 865). So much of the answer as denies the legality of the appointment of Mrs. Wertz presents only legal conclusions from undisputed facts, and constitutes no meritorious defense which could properly be submitted to a jury. *Freeney* v. *Pape,* 185 *Ga.* 1 (5) (supra).

The trial court did not err in granting a mandamus absolute.

*Judgment affirmed. All the Justices concur, except Duckworth, Wyatt and Head, JJ., who dissent.*

JENKINS, Presiding Justice, concurring specially. I agree to the conclusion arrived at, but do so only by virtue of the authority delegated by the grand jury on November 15, 1915.