The STATE of Oklahoma, Appellant,

v.

JUVENILE DIVISION, TULSA COUNTY DISTRICT COURT, Appellee.

No. J–76–668.

Court of Criminal Appeals of Oklahoma.

Feb. 14, 1977.

S. M. Fallis, Jr., Dist. Atty., Cary W. Clark, Asst. Dist. Atty., Tulsa County, for appellant.

John Dratz, Public Defender, Tulsa, for appellee.

## MEMORANDUM OPINION

BLISS, Judge:

Appellant, The State of Oklahoma, appeals from an order of the Juvenile Division of the Tulsa County District Court dismissing the Petition filed in Case No. JFJ–76–514, styled "In the Matter of: L.A.R., A Child Under the Age of Eighteen (18) Years," alleging L.A.R. to be a delinquent child.

The State alleges the dismissal of the Petition was predicated upon noncompliance with the statutory requirement in Oklahoma necessitating the authorization of the Juvenile Court prior to the filing of a Petition against a juvenile.[1] The State urges that this statutory procedure violates the separation of powers provision in the Oklahoma State Constitution,[2] because the Juvenile Court, as an arm of the Judicial Branch, is improperly delegated authority which is exclusively within the province of the Executive Branch. The State contends the prosecuting attorney is the only arm of the Executive Branch authorized to prosecute juvenile cases.

 We do not find any unconstitutional delegation of power in either 10 O.S. Supp.1976, § 1103(a) or 10 O.S.1971, § 1109(c).[3] Certainly the theory of separation of the three powers of government does not mean that the distinction between the three can be carried out with precision, and thus there may be a certain degree of blending in the three powers. See *Bailey v. State Board of Public Affairs,* 194 Okl. 495, 153 P.2d 235. Where a particular power cannot be conclusively categorized as either Executive or Judicial and when such powers are not expressly granted to either the Judicial or Executive Branch by the Constitution, then the Legislature may properly determine the Branch to whom the power is to be entrusted and the manner in which it will be exercised, for the exercise of the power may be incident and necessary to the agency or department's function. Further, we note the powers and authority of the prosecuting attorney can be enlarged or diminished by the Legislature. See Article XVII, § 2 of the Oklahoma State Constitution and *Childs v. State,* 4 Okl.Cr. 474, 113 P. 545 (1910).

 The court-related intake function, as delineated in the aforementioned statutes, was legislatively implemented to achieve the important objective of the screening of juvenile cases. The judge, as Pater Patriae, functions neither exclusively as a judicial member nor exclusively as an executive officer. No encroachment upon the Executive Branch occurs in the discharge of this duty. The Juvenile Court is the legally trained and proper discretionary authority who must balance the societal interests in the case against those of the child, in light of the misconduct charged, to determine whether or not informal adjustment or diversion is preferable rather than the institution of formal juvenile proceed-

---

1. Title 10 O.S.Supp.1976, § 1103(a) reads, in pertinent part, as follows:

 "(a) Whenever any person informs the court that a child is within the purview of this act, the court shall make a preliminary inquiry to determine whether the interests of the publis or of the child require that further action be taken. Thereupon, the court may make such informal adjustments as is practicable without a petition, or may authorize a petition to be filed by any person . . ."

2. Article IV, § 1 of the Oklahoma State Constitution reads as follows:

 "The powers of the government of the State of Oklahoma shall be divided into three separate departments: The Legislative, Executive and Judicial; and except as provided in this Constitution, the Legislative, Executive, and Judicial departments of government shall be separate and distinct, and neither shall exercise the powers properly belonging to either of the others."

3. Title 10 O.S.1971, § 1109(c) reads as follows:

 "(c) Upon the request of the court, the district attorney shall prepare and prosecute any case or proceeding within the purview of this act."

ings. Such discretion is incident and necessary to facilitate and effectuate the purpose of the Juvenile Code which is that the care and custody and discipline of the child shall approximate, as nearly as may be, that which should be given by its parents, and that as far as practicable, any delinquent child shall not be treated as a criminal. See 10 O.S.1971, § 1129, and Taskforce Report: Juvenile Delinquency and Youth Crime, President's Commission on Law Enforcement and Administration of Justice (1967).

In summary, we conclude the Legislature has properly granted the Juvenile Court the necessary discretion in the intake process.[4]

█ The State further urges the Juvenile Court dismissed the instant juvenile proceeding without good cause, as allegedly required by 10 O.S.1971, § 1116(4).[5] We need only observe this statute is applicable only to post-adjudicatory proceedings. The provisions of this section regarding good cause are only applicable after a juvenile has been adjudged a ward of the court.[6] Thus, this particular provision is not applicable to pre-adjudicatory proceedings.

In the instant case, L.A.R. had not been adjudicated a ward of the court, and therefore, this statutory provision was not applicable. Therefore we find no merit in the State's contention.

BUSSEY, P. J., and BRETT, J., concur.

---

4. The decision herein rendered is not dependent upon the approval or disapproval of the propositions in the decision as relied upon by the State (*In the Matter of Reis,* 7 B.N.A. Cr.L. 2151 (1970)), with regard to potential fundamental fairness questions arising from a Juvenile Judge's participation in the intake process.

5. Title 10 O.S.1971, § 1116(4) reads as follows:
 "(4) The court may dismiss the petition or otherwise terminate its jurisdiction at any time for good cause shown . . . ."

6. Title 10 O.S.1971, § 1114 reads as follows:
 "If the court finds that the allegations of the petition are supported by the evidence, and that it is in the best interest of the child and the public that he be made a ward of the court, the court shall sustain the petition, and shall make an order of adjudication, setting forth whether the child is delinquent, or in need of supervision, or neglected or dependent, and shall adjudge the child as a ward of the court."