Dear Honorable Wolfe,
The Attorney General is in receipt of your letter wherein you ask, in effect, the following question:
Whether the provisions of 10 O.S. 1109(c), as amended in 1977,constitutes an unlawful and unauthorized delegation of authorityby the Legislature from the Office of the District Attorney to an"employee" of a juvenile bureau?
You further request that in answering the aforesaid question that the term "employee" as used in 10 O.S. 1109(c) be defined in accordance with the Legislative intent of the statutory act.
Title 10 O.S. 1109(c) (1977), as amended, provides in its entirety, as follows:
 "(c) The district attorney shall prepare and prosecute any case or proceeding within the purview of this act. Providing, that nothing provided in this subsection shall prevent an employee of a duly constituted juvenile bureau, as provided under Article II of this title, from preparing and filing cases under the purview of this act." (Emphasis added)
Prior to the 1977 Legislative amendment of 10 O.S. 1109(c), the Office of the District Attorney, upon the request of the court, was delegated the duty to prepare and prosecute any case or proceeding within the purview of the act.
In the Oklahoma case of Childs v. State, Okla., 113 P.546 1910, the Oklahoma Supreme Court determined that the Governor possessed the authority to appoint an attorney to be known as counsel to the Governor pursuant to an act passed by the Oklahoma Legislature in 1907. The appointed counsel was to assist in the enforcement of the prohibitory laws including the signing and filing of the information and the subsequent prosecution of the alleged offender. After reviewing Article XVII, Section 2 and Article XVII, Section 18 of the Oklahoma Constitution in determining whether such an act of the Legislature constituted an unlawful delegation of authority, the Court stated in the body of its opinion:
 "It will be seen from an examination of these two constitutional provisions that neither the office of county attorney nor the duties and powers pertaining thereto are imbedded in the Constitution. The office may be entirely abrogated, or the powers and duties pertaining to it enlarged or diminished or wholly or partially transferred to district or state officers, as the Legislature may see fit." (Emphasis added)
This rational was later followed in the recent case of State v. Juvenile Div., Tulsa Cty. Dist. Court, Okla., Cr., 560 P.2d 974 (1977), wherein the Court of Criminal Appeals determined that the District Attorney did not have the exclusive authority to prosecute a juvenile proceeding, and that a juvenile petition could be filed by any person.
Therefore, it is clear that 10 O.S. 1109(c), as amended, does not improperly delegate authority to an "employee" of a duly constituted juvenile bureau to prepare and file juvenile petitions within the purview of the act.
In construing the intent of the Legislature with respect to a definition of the term "employee" as contemplated within the meaning of 10 O.S. 1109(c), Title 10 O.S. 1103(b) provides in part:
 "(b) A petition in a juvenile proceeding may be filed by the district attorney or the person who is authorized to make a preliminary inquiry to determine if further action is necessary."
The Act does not empower nor attempt to delegate to an "employee" of a duly constituted juvenile bureau the authority to prosecute a juvenile proceeding instituted under the provisions of the Act. This authority, or duty, remains the function of the district attorney under 10 O.S. 1109 (c).
It is the apparent intent of the Legislature to permit only those employees, authorized within the juvenile bureau to conduct a preliminary inquiry, to participate in the preparation and filing of the juvenile petition.
The Court-related intake function provided for in the Act was legislatively implemented to achieve the important objective of the screening of juvenile cases. State v. Juvenile Div., Tulsa Cty. Dist. Court, supra. Case workers within the juvenile system comprise the investigative arm of both the juvenile court and the district attorney's office in the majority of juvenile cases. Through the performance of home studies and personal contact with the juvenile, in addition to performing the preliminary intake, they are sometimes more aware of the objectives and recommendations which would best serve in the interests of the child. In practice, their knowledge is invaluable to the working structure of the entire juvenile branch created by the Legislature under this Act.
The amendment of 10 O.S. 1109(c) occurred subsequent to the Oklahoma Court of Criminal Appeals' decision in State v. Juvenile Div., Tulsa Cty. Dist. Court, supra, which allowed "any person" to file a juvenile petition. It would be a logical analysis to conclude that the Legislative intent in amending 10 O.S. 1109(c) was to limit the filing of a juvenile petition to only those individuals with information peculiar to a particular case in order to protect the best interest of the child.
It is, therefore, apparent in construing the Legislative intent in amending 10 O.S. 1109(c), that the legislative purpose was to delegate to only those employees within the juvenile bureau, who actively participated in the preliminary intake, the responsibility of preparing and filing a juvenile petition.
It is, therefore, the opinion of the Attorney General that Title 10,O.S. 1109(c) (1977) does not constitute an unlawful legislativedelegation of authority from the Office of the District Attorney to an"employee" of a duly constituted juvenile bureau. Further, only thoseemployees of the juvenile bureau authorized to make a preliminary inquiryunder the provisions of 10 O.S. 1103(b), may prepare and file cases underthe purview of the act as provided in 10 O.S. 1109(c) (1977).
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
JANET L. COX, ASSISTANT ATTORNEY GENERAL