RE: COUNTY SUPERINTENDENT OF SCHOOLS
ATTORNEY GENERAL HENRY HAS ASKED ME TO RESPOND TO YOUR RECENT LETTER ASKING WHETHER THE OKLAHOMA LEGISLATURE HAS THE AUTHORITY TO "ABOLISH" THE OFFICE OF COUNTY SCHOOL SUPERINTENDENT. BECAUSE IT IS RELATIVELY CLEAR FROM A REVIEW OF THE RELEVANT LAW THAT THE LEGISLATURE HAS SUCH AUTHORITY, IT APPEARS THAT THERE IS NO UNRESOLVED ISSUE OF LAW THAT NEEDS TO BE ADDRESSED VIA AN OFFICIAL OPINION OF THE ATTORNEY GENERAL AND THAT YOUR REQUEST CAN BE HANDLED MOST EXPEDITIOUSLY BY THIS INFORMAL LETTER RESPONSE.
THE OKLAHOMA CONSTITUTION, ARTICLE XVII, SECTION 2, READS AS FOLLOWS:
 "THERE ARE HEREBY CREATED, SUBJECT TO CHANGE BY THE LEGISLATURE, IN AND FOR EACH COUNTY OF THIS STATE THE OFFICES OF JUDGE OF THE COUNTY COURT, COUNTY CLERK, SHERIFF, COUNTY TREASURER, REGISTRAR OF DEEDS, COUNTY SURVEYOR, SUPERINTENDENT OF PUBLIC INSTRUCTION, THREE COUNTY COMMISSIONERS, AND SUCH MUNICIPAL TOWNSHIP OFFICERS AS ARE NOW PROVIDED UNDER THE LAWS OF THE TERRITORY OKLAHOMA, EXCEPT AS IN THIS CONSTITUTION OTHERWISE PROVIDES."
(EMPHASIS ADDED.)
THIS PROVISION WAS CONSTRUED SHORTLY AFTER STATEHOOD IN THE CASE OF CHILDS V. STATE, 113 P. 545 (OKL. CRIM. 1910), IN WHICH THE COURT REVIEWED A STATUTE AUTHORIZING THE GOVERNOR TO APPOINT AN ATTORNEY TO BE KNOWN AS COUNSEL TO THE GOVERNOR. IT WAS APPARENTLY ARGUED THAT THE LEGISLATIVE AUTHORIZATION OF THIS POSITION ACTED TO DEPRIVE THE OFFICE OF COUNTY ATTORNEY OF SOME OF ITS CONSTITUTIONAL POWERS AND DUTIES. THE COURT OF CRIMINAL APPEALS USE THE FOLLOWING LANGUAGE TO DESCRIBE THE LEGISLATURE'S AUTHORITY IN THIS AREA:
 "IT WILL BE SEEN FROM AN EXAMINATION OF THESE TWO CONSTITUTIONAL PROVISIONS (ARTICLE XVII, SECTION 2 AND ARTICLE XVII, SECTION 18 OF THE SCHEDULE TO THE CONSTITUTION) THAT NEITHER THE OFFICE OF COUNTY ATTORNEY NOR THE DUTIES AND POWER PERTAINING THERETO ARE EMBEDDED IN THE CONSTITUTION. THE OFFICE MAY BE ENTIRELY ABROGATED, OR THE POWERS AND DUTIES PERTAINING TO AN ENLARGED OR DIMINISHED OR WHOLLY OR PARTIALLY TRANSFERRED TO DISTRICT OR STATE OFFICERS, AS THE LEGISLATURE MAY SEE FIT.
(EMPHASIS SUPPLIED.)
ALTHOUGH CHILDS IS AN OLDER CASE IT IS STILL GOOD LAW AND, I BELIEVE, PRECISELY CONTROLS THE RESOLUTION OF YOUR QUESTION. THE CONSTITUTIONAL-PROVISION IN QUESTION MAKES NO DISTINCTION BETWEEN COUNTY ATTORNEYS, THE POSITION AT ISSUE IN CHILDS, AND THE COUNTY SUPERINTENDENT OF INSTRUCTION, THE POSITION IMPLICATED BY YOUR QUESTION. FOR THOSE REASONS, THERE SEEMS LITTLE ROOM FOR DOUBT THAT THE LEGISLATURE HAS THE AUTHORITY TO ABOLISH THE POSITION OF COUNTY SUPERINTENDENT ENTIRELY OR TO TRANSFER THE DUTIES OF THAT POSITION TO SOME OTHER OFFICER, AS IF MAY SEE FIT.
(NED BASTOW)