Dear District Attorney Cherie Free:
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
1. May a district attorney institute an Alcohol/Drug ImpactPanel program under 47 O.S. 2001, § 11-902[47-11-902] (I), in which theDistrict Attorney's Office can charge the statutory fee, presentthe program, and pay for the speakers and the general cost of theprogram?
 2. May a district attorney set up a separate account with theCounty Clerk's Office for the purposes of depositing the feesgenerated by the defendants paying to attend the Alcohol/DrugImpact Panel program and pay the general costs of that programfrom the separate account to include speakers' mileage, printingcosts, public announcements, and additional personnel costs?
 3. If the separate account is allowed to be established, doesthe money generated by the program have to be forwarded to theDistrict Attorneys Council before the funds can be expended forthe general costs of the program?
 I. Introduction
¶ 1 You indicate you require as a condition of a plea agreement that any person convicted of either driving under the influence of alcohol or drugs, or of delivery of alcohol/beer to a minor must attend the Victims Impact Panel program established by 47 O.S. 2001, § 11-902[47-11-902](I). You also indicate that you wish to establish your own program. You want to know if that can be done; if so, whether you have authority to collect a fee for your program, which you indicate will be used to offset the expenses of your program.
¶ 2 Your question centers on 47 O.S. 2001, § 11-902[47-11-902]. That statute makes it illegal for persons to drive or be in actual physical control of a motor vehicle while under the influence of alcohol or drugs. In addition to setting out penalties, Section 11-902(I) provides:
 Any person who is found guilty of a violation of the provisions of this section may be required by the court to attend a victims impact panel program, if such a program is offered in the county where the judgment is rendered, and to pay a fee, not less than Fifteen Dollars ($15.00) nor more than Twenty-five Dollars ($25.00) as set by the governing authority of the program and approved by the court, to the program to offset the cost of participation by the defendant, if in the opinion of the court the defendant has the ability to pay such fee.
Id.
¶ 3 As the statute indicates, not every county may have such a program. The Victims Impact Panel is not an agency established by the State or a political subdivision. Rather, it is a private, self-supporting, non-profit organization which, through an executive director, administers approximately 38 programs throughout the State. The executive office, located in Oklahoma City, collects money from the individual programs, which it in turn uses to pay program coordinators and other necessities of the programs throughout the State. Those ordered to enroll in the program attend a one-time session, and the person ordered to attend the program presents proof of completion to the court. In addition to the programs administered through the Victims Impact Panel, there are also separate, independent programs of a similar nature administered in Norman and Claremore.
¶ 4 You have asked us whether a district attorney can establish a Victims Impact Panel program. For the reasons given below, the answer is no.
 II. Powers And Duties Of District Attorney
¶ 5 The office of district attorney finds its origin in the Oklahoma Constitution:
 There are hereby created, subject to change by the Legislature, in and for each organized county of this State, the offices of Judge of the County Court, County Attorney, Clerk of the District Court, County Clerk, Sheriff, County Treasurer, Register of Deeds, County Surveyor, Superintendent of Public Instruction, three County Commissioners, and such municipal township officers as are now provided for under the laws of the Territory of Oklahoma, except as in this Constitution otherwise provided.
Okla. Const. art. XVII, § 2. The office of district attorney is the successor office to that of County Attorney. 19 O.S. 2001, § 215.16[19-215.16].[1]
¶ 6 The powers and duties of the County Attorney were discussed at length in Childs v. State, 113 P. 545, 547 (Okla.Crim.App. 1910). After quoting the above referenced constitutional provision, the Court stated:
 By section 18 of the schedule to our Constitution, it is provided that, "until otherwise provided by law, the terms, duties, powers, qualifications, and salary and the compensation of all county and township officers not otherwise provided by this Constitution shall be as now provided by the laws of the territory of Oklahoma for like named officers. * * *" It will be seen from an examination of these two constitutional provisions that neither the office of county attorney nor the duties and powers pertaining thereto are imbedded in the Constitution. The office may be entirely abrogated, or the powers and duties pertaining to it enlarged or diminished or wholly or partially transferred to district or state officers, as the Legislature may see fit.
Id. (emphasis added).
¶ 7 That is not the only pronouncement by the Court of Criminal Appeals on the limitations on the district attorney's power. Seealso State v. Juvenile Div., Tulsa County Dist. Court,560 P.2d 974, 975 (Okla.Crim. 1977) ("[T]he powers and authority of the prosecuting attorney can be enlarged or diminished by the Legislature.").
¶ 8 Likewise, the Oklahoma Supreme Court has commented on powers granted to the office of district attorney. See Bd. ofCounty Comm'rs v. Morgan, 324 P.2d 268, 270 (Okla. 1958) (In a condemnation case the county attorney did not have authority to decide whether to appeal an adverse civil ruling; the decision was that of the board of county commissioners); Protest ofKansas City S. Ry. Co., 11 P.2d 500 (Okla. 1932) (syllabus by court) ("2. There is no authority of law for a county attorney to agree to the rendition of a judgment against a county."); Bd. ofEduc. v. Thurman, 247 P. 996, 999 (Okla. 1926) (discussing duties of the county attorney to defend against tax suits brought against the county treasurer, the Court observed that "[t]he Legislature defined the duties of the county attorney"); Bd. ofComm'rs v. Fain, 166 P. 896, 897-98 (Okla. 1917) (the county attorney did not have authority to represent the State in an appeal before the Court of Criminal Appeals, as such duty was assigned to the Attorney General); Ironside v. State,148 P. 97, 98 (Okla. 1915) ("Article 7, c. 16, Rev. Laws 1910, fully defines the duties and authority of county attorneys, and said article does not include the authority to compromise judgments in which the county is interested. Power to compromise judgments in which the county is interested is vested alone in its board of county commissioners; said board `being the general agents of the county and having the supervision and control of county affairs.'") (citation omitted); Bd. of County Comm'rs v.Robertson, 130 P. 947, 949 (Okla. 1913) ("The statute fixing the duties of the county attorney relates in no particular whatsoever to [a drainage district], and he is neither elected nor paid by the county to devote his time and attention to prosecuting or defending the necessary legal details essential to the proper formation of such district."); Bd. of Comm'rs v. State CapitalCo., 86 P. 518, 520 (Okla. Terr. 1906) ("The county attorney derives his authority from as high a source as the county commissioners do theirs, and it would be about as reasonable to say that the county attorney could employ another board of commissioners to transact the ordinary business of the county, as it is to say that the county commissioners can employ another attorney to transact the ordinary legal business of the county. Both would be absurd.").
¶ 9 The statutory duties of the district attorney are set forth as follows:
 The district attorney, assistant district attorneys, or special assistant district attorneys authorized by subsection C of Section 215.37M of this title, shall appear in all trial courts and prosecute all actions for crime committed in the district, whether the venue is changed or not; the district attorney or assistant district attorneys shall prosecute or defend in all courts, state and federal, in any county in this state, all civil actions or proceedings in which any county in the district is interested, or a party unless representation for the county is provided pursuant to subsection A of Section 215.37M of this title; and the district attorney or assistant district attorneys shall assist the grand jury, if required, pursuant to Section 215.13 of this title. The district attorney may at all times request the assistance of district attorneys, assistant district attorneys or district attorney investigators from other districts who then may appear and assist in the prosecution of actions for crime or assist in investigation of crime in like manner as assistants or investigators in the district.
19 O.S. 2001, § 215.4[19-215.4].
¶ 10 In addition to those duties, the district attorney:
 [S]hall give opinion and advice to the board of county commissioners and other civil officers of his counties when requested by such officers and boards, upon all matters in which any of the counties of his district are interested, or relating to the duties of such boards or officers in which the state or counties may have an interest.
Id. § 215.5.
¶ 11 A district attorney has a wide range of responsibilities as a member of or administrator of other programs. See, e.g.,
10 O.S. 2001, § 7007-1.2[10-7007-1.2](A)(4) (district attorneys appointed as members of Child Welfare System Reform Review Committee); id. § 7110(A)(1) (charging the district attorney with developing a multidisciplinary child abuse team in each county or in a contiguous group of counties of the district attorney); id. § 7302-9.3(8) (giving the district attorney input in developing and implementing the Serious and Habitual Juvenile Offender Program); 11 O.S. 2001, § 27-130[11-27-130] (giving the district attorney authority to defend appeals from municipal court in his/her district in certain circumstances); 12 O.S. 2001, § 1803.1[12-1803.1] (providing for the district attorney to sit on the Dispute Resolution Advisory Board); 15 O.S. 2001, § 611[15-611] (giving the district attorney authority to inspect records relating to watches returned to a dealer from a consumer within 90 days of sale); id. § 756.1(A) (authorizing the district attorney to file an action under the Consumer Protection Act); 19 O.S. 2001, § 431[19-431] (providing that the district attorney shall appeal from an action of the board of county commissioners in certain circumstances when an action relates to the interest or affairs of the county at large or any portion of the county, if the district attorney deems it in the interest of the county so to do); id. § 629 (allowing the district attorney, district judge and county commissioners to act in a quasi-judicial capacity to determine the status of items of assets in control of the county treasurer which amount to fiction and are nonexistent); 20 O.S. 2001, § 1204[20-1204](b) (providing for the district attorney to be a member of the county board of law library trustees); 21 O.S. 2001, § 1738[21-1738](O)(4) (providing for portion of money from forfeiture of property used in certain crimes to be deposited in a victim-witness fund, reward fund or evidence fund maintained by the district attorney, in certain instances); 22 O.S. 2001, § 111[22-111] (providing for the creation by the district attorney of a Bogus Check Restitution Program, and allowing for staff and resources for the program); id. § 305.1(authorizing the district attorney to establish a deferred prosecution program); id. § 471.1(D) (allowing the district attorney to be on the drug court team); id. § 991a-19(K) (allowing property of defendant convicted of certain crimes to be seized for victim restitution and placed in custody of the district attorney); id. § 1410(D)(4) (authorizing the district attorney to receive proceeds from property forfeited pursuant to the Oklahoma Corrupt Organizations Prevention Act); 29 O.S. 2001, § 6-306[29-6-306](B) (authorizing the district attorney to initiate forfeiture proceedings against boats or vessels and their accessories or fishing devices or vehicles or equipment used in violation of certain fish and game laws); 37 O.S. 2001, § 163.15[37-163.15] (authorizing the district attorney to initiate forfeiture provisions against forms of transportation used in violation of certain laws governing low-point beer); 56 O.S. 2001, § 237.1[56-237.1] (allowing district attorneys to enter into agreements with the Department of Human Services to collect child support obligations and receive federal or State funds for such duties; establishing special fund with county treasurer for funds received); 63 O.S. 2001, § 1-546.5[63-1-546.5] (giving the district attorney authority to convene a multidisciplinary team to assist in determining whether an unborn child is at risk of harm from a pregnant woman who is abusing or is addicted to drugs or alcohol); id. §§ 2-503, 2-506 (authorizing the district attorney to seize and seek forfeiture of property used to transport or money used to facilitate the sale of illegal drugs, set up an account with the county treasurer and use money for "enforcement of controlled dangerous substances laws, drug abuse prevention and drug abuse education." id. § 2-506(L)(3)); id. §§ 93, 951 (authorizing the district attorney to request an autopsy and giving the district attorney some authority relating to disposition of the body after autopsy); 69 O.S. 2001, § 601[69-601] (authorizing the district attorney to approve interlocal cooperation agreements for the county road system); 74 O.S. 2001, § 360.18[74-360.18](B) (giving district attorney power to revoke commission of campus police officers).
¶ 12 This list, although not intended to be exhaustive, is representative of the duties and powers assigned to the district attorney. A plain reading of 47 O.S. 2001, § 11-902[47-11-902](I) shows that the establishment or administration of a victim impact panel program is not one of the duties statutorily given to the district attorney by the Legislature. Accordingly, a district attorney is without statutory authority to institute an Alcohol/Drug Impact Panel under Section 11-902(I). See JuvenileDivision, 560 P.2d at 975.
¶ 13 There is another task a district attorney can perform. In 1999, the Legislature added Section 11-902b to Title 47, a statutory provision whereby the district attorney has the ability to institute forfeiture proceedings against certain motor vehicles. This statute provides for the forfeiture of the motor vehicle of any person who has been previously convicted of an offense under Sections 11-902 (actual physical control/driving vehicle under the influence of alcohol or drug), 11-903 (negligent homicide), or 11-904 (involved in personal injury accident while driving under the influence), and who after July 1, 1999, is convicted of a second or subsequent offense of one of these statutes (where at least one of the offenses involved the death or "serious bodily injury" of another person). Id. § 11-902b(A). At a forfeiture hearing, the court may order forfeiture if the prosecution proves by a preponderance of the evidence that the forfeiture will serve one or more of five enumerated purposes. See id. § 11-902b(H).
¶ 14 Once forfeited, certain procedures must be followed before the vehicle can be sold. Once sold, the district attorney gets a certain percentage of the money, to be placed in a "special fund for such purpose as determined by the district attorney's office." 47 O.S. 2001, § 11-902b[47-11-902b](K)(6). This language on its face would seem to allow a program such as the Alcohol/Drug Impact Panel under Section 11-902(I). However, to read it that way ignores the principle that the district attorney only has such powers as are granted by the Legislature. Accordingly, the language "for such purpose as determined by the district attorney's office" must be interpreted to mean that the money can be used by the district attorney in a way authorized by the Legislature. To hold otherwise negates the principles set forth above.
¶ 15 In light of this holding, we need not address your second and third questions.
¶ 16 It is, therefore, the official Opinion of the AttorneyGeneral that:
 A district attorney has no statutory authority to institute an Alcohol/Drug Impact Panel program under
47 O.S. 2001, § 11-902[47-11-902] (I), whereby the District Attorney's Office can charge a statutory fee, present a program, and pay for speakers and the general cost of the program.
W.A. DREW EDMONDSON Attorney General of Oklahoma
DAN CONNALLY Assistant Attorney General
[1] This section reads:
 The District Attorney shall exercise and perform all the powers, duties and functions provided by law for the county attorney of each county, and shall appoint all of his assistants. Wherever in the Statutes of Oklahoma, in existence at the effective date of this act, reference is made to the county attorney, the District Attorney, acting personally or by his duly appointed assistant, shall perform all the powers, functions and duties and be subject to removal from office and to all the obligations and liabilities and shall stand in the stead of the county attorney under such statutes.
Id. (footnote omitted).